1  KUANG-BAO P. OU-YOUNG
2  1362 Wright Avenue
3  Sunnyvale, California 94087
4  (408) 736-7793
5  kbouyoung@yahoo.com
6
7  Defendant-Intervenor Applicant Pro Se
8
9

FILED

MAR 29 2017

SUSAN Y. SCONG
CLERK, U.S. DISTRICT COURT
NORTHERM DISTRICT OF CALIFORNIA

10              UNITED STATES DISTRICT COURT
11             NORTHERN DISTRICT OF CALIFORNIA
12                 SAN FRANCISCO DIVISION
13
14
15  COUNTY OF SANTA CLARA,            )   Case No. C17-00574WHO
16                                    )
17       Plaintiff,                   )   DEFENDANT-INTERVENOR
18                                    )   APPLICANT'S NOTICE OF MOTIONS
19  vs.                              )   AND MOTION TO INTERVENE AND
20                                    )   MOTION TO DISQUALIFY JUDGES
21  DONALD J. TRUMP, et al.,          )
22                                    )
23       Defendants,                  )
24                                    )   Date: May 3, 2017
25  KUANG-BAO P. OU-YOUNG,            )   Time: 2:00 p.m.
26                                    )   Courtroom 2, 17th Floor
27       Defendant-Intervenor Applicant. )   Judge: To Be Determined
28  _____)
29

30              **NOTICE OF MOTIONS AND MOTIONS**

31  TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSELS OF RECORD:

32       PLEASE TAKE NOTICE that on May 3, 2017, at 2:00 p.m., or as soon thereafter as

33  the matter may be heard, in Courtroom 2, 17th Floor, San Francisco Courthouse, located at 450

34  Golden Gate Avenue, San Francisco, California, applicant Kuang-Bao P. Ou-Young will, and

35  hereby does move, for the Court's permission to intervene in the present litigation as well as to

36  disqualify both district judge William H. Orrick and magistrate judge Nathanael Cousins from

37  the present case. The motion to intervene is based on Fed. R. Civ. P. 24(b)(1)(B), this notice of

38  motions and motions, the memorandum of points and authorities set forth below, the pleadings

Defendant-Intervenor Applicant's Motion to Intervene and Motion to Disqualify Judges
Case No. C17-00574WHO - 1 of 3

1  and records on file in this case, and upon such further evidence and argument as the Court may

2  consider at the time of the hearing on these motions.

3  **INTRODUCTION**

4  The complaint raises two procedural due process claims against defendants. On the other

5  hand, California Department of Justice ("CDOJ") has evaded responding to applicant's second

6  crime report against plaintiff and others since October 18, 2016. As the evasion denies applicant

7  procedural due process, applicant is entitled to intervene in the present case pursuant to Rule

8  24(b)(1)(B). Coincidentally, both judge Orrick and judge Cousins have evaded responding to

9  applicant's criminal complaints against their fellow judges at the Court. The evasions have been

10  intended to deny applicant procedural due process, thereby disqualifing both judges from the

11  present case pursuant to 28 U.S.C. § 144.

12  **MEMORANDUM OF POINTS AND AUTHORITIES**

13  **A. CDOJ Has Denied Applicant Procedural Due Process**

14  On October 7, 2016, applicant submitted his second crime report against plaintiff and

15  others to CDOJ as well as Santa Clara County district attorney's office. Exhibit I. CDOJ declined

16  to intervene based on the following reasoning: Exhibit II.

17  However, the Attorney General is prohibited by law from representing private
18  individuals or providing legal advice, legal research or legal analysis to private
19  individuals under any circumstances.
20
21  However, the unidentified law preventing California Attorney General from representing private

22  individuals contradicts the Equal Protection Clause of the Fourteenth Amendment of the U.S.

23  Constitution. Thus, CDOJ has denied applicant procedural due process to legitimize its evasion.

24  Because the CDOJ staffer who responded to the crime report lacks a license to practice law in

25  California, CDOJ has falsified said response and violated 18 U.S.C. § 1512(c). Accordingly, the

26  Court should refer CDOJ to the U.S. Attorney's office for criminal prosecution in due course.

**B. Both Named Judges Have Denied Applicant Procedural Due Process**

Based on Fed. R. Crim. P. 4.1(b)(4), 4.1(b)(5), and 4a(a), applicant submitted a criminal complaint against chief district judge Phyllis J. Hamilton and others to judge Orrick on June 29, 2015. On July 24, 2015, applicant submitted the criminal complaint to judge Cousins as well. However, both judge Orrick and judge Cousins have evaded responding to said complaint since, thereby denying applicant procedural process. Exhibit III. Either judge Orrick or judge Cousins is unlikely to allow applicant to intervene in the present case as a result. Both judges should be disqualified from the present case pursuant to 28 U.S.C. § 144 accordingly. Due to their blatant violation of 18 U.S.C. § 1512(b) for intimidation, the Court must refer both judge Orrick and judge Cousins to the U.S. Attorney's office for criminal prosecution.

## CONCLUSION

Based on the above arguments, the Court should disqualify both judge Orrick and judge Cousins from the present case, refer them to the U.S. Attorney's office for criminal prosecution, and allow applicant to intervene.

Respectfully submitted this 29th day of March 2017.

Kuang-bao Ou-young

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant

Exhibit I



Attorney General's Office
California Department of Justice
Attention: Public Inquiry Unit
P.O. Box 944255
Sacramento, CA 94244-2550

Public Integrity Unit
Santa Clara County
District Attorney's Office
70 W. Hedding Street, West Wing
San Jose, CA 95110

October 7, 2016

## CITIZEN'S SECOND CRIME REPORT

Claimant is a resident of Santa Clara County. As a victim of crimes committed at the

Santa Clara County Superior Court in connection with two pending civil cases, 115CV280886

and 16CV292228, claimant hereby submits this report against the following entities:

- Mountain View Chinese Christian Church ("MVCCC"), a Christian church located at 175

  E. Dana Street, Mountain View, California;

- Mountain View Police Department ("MVPD");

- Mountain View City Attorney's Office ("city attorney's office");

- Santa Clara County Sheriff's Office ("sheriff's office");

- Santa Clara County Office of the County Counsel ("county counsel's office");

- Clerk's Office of Santa Clara County Superior Court ("clerk's office");

- California Commission on Judicial Performance;

- California Judicial Conference; and

- State Bar of California ("State Bar").

  This report also names the following persons as offenders of California Penal Code:

- Tani G. Cantil-Sakauye, Chief Justice of California;

- Risë Jones Pichon, presiding judge, Santa Clara County Superior Court ("SCCSC");

- Mary E. Arand, civil presiding judge, SCCSC;

- William J. Elfving, judge, department 3, SCCSC;

- Patricia M. Lucas, judge, department 19, SCCSC;

- Samuel S. Stevens, retired judge from Santa Cruz County Superior Court, SBN 46006;

- Robert A. O'Farrell, retired judge from Monterey County Superior Court, SBN 42099;

- David H. Yamasaki, court executive officer ("CEO"), SCCSC;

- Brian Faraone, deputy manager, clerk's office, SCCSC;

- Alexandria (Alex) Rodriguez, deputy clerk supervisor, SCCSC;

- Tracy Mai, deputy clerk, SCCSC;

- Sarah Ackard, deputy clerk, SCCSC;

- Gaby Duarte, deputy clerk, SCCSC;

- Mark J. Rosales, deputy clerk, SCCSC;

- Priscilla Jauregui, deputy clerk, SCCSC;

- Tayen Ngo, deputy clerk, SCCSC;

- David Wenael, deputy clerk, SCCSC;

- Carly Page, deputy clerk, SCCSC;

- Sophia Smith, deputy clerk, SCCSC;

- Kamala D. Harris, California Attorney General, SBN 146672;

- Kevin T. Snider, private attorney, SBN 170988;

- Caitlin C. Ross, private attorney, SBN 271651;

- Joel M. Long, private attorney, SBN 226061;

- Bruce D. Celebrezze, private attorney, SBN 102181;

- Sean Patterson, private attorney, SBN 234565;

- Jannie L. Quinn, city attorney, city attorney's office, SBN 137588;

- Lynn M. Dobson, senior assistant city attorney, city attorney's office, SBN 111995;

- Nicole C. Wright, senior deputy city attorney, city attorney's office, SBN 270741;

- Rebecca M. Hoberg, deputy county counsel, county counsel's office, SBN 224086;

- Meghan F. Loisel, deputy county counsel, county counsel's office, SBN 291400;

- Sharon M. Nagle, private attorney, SBN 179124;

- Peter M. Eng, deputy trial counsel, State Bar Court, SBN 125516;

- David Lane, staff counsel, California Commission on Judicial Performance, SBN 248088;

- Kimberly McCrickard, staffer, Public Inquiry Unit, California Attorney General's Office;

- Robert Lowney, acting director, Court Operations Services, Judicial Conference of California;

- George Mechoir Sundheim III, a/k/a Duf Sundheim, private attorney, SBN 97194;

- S. Joseph Simitian, Santa Clara County supervisor for District Five;

- Tina Evans, deputy sheriff, sheriff's office;

- Britton Moore, police officer, MVPD;

- Art Roberts, sergeant, MVPD;

- Tongsu Liu, senior pastor at MVCCC;

- Junli Hou, pastor at MVCCC;

- Baoli Yu, minister at MVCCC; and

- Chung-Shen Wang, former elder at MVCCC.

## SUMMARY OF CASE HISTORY

1.     On May 20, 2015, claimant filed the initial complaint in case 115CV280886 against MVCCC as well as pastor Liu, pastor Hou, minister Yu, and elder Wang ("church defendants"). The first case management conference was set for September 15. Exhibit I.

2.    Claimant filed the first amended complaint ("FAC") in case 115CV280886 on

June 30, 2015. The FAC names supervisor Rodriguez and deputy Evans as additional defendants.

Exhibit II.

3.    On July 17, 2015, claimant filed proofs of service of summons against supervisor

Rodriguez and deputy Evans, ¶ 2.

4.    On August 3, 2015, counsel Snider demurred to the FAC in case 115CV280886

on behalf of church defendants, ¶¶ 1, 2. Exhibit III.

5.    On August 7, 2015, claimant requested entry of default in case 115CV280886

against supervisor Rodriguez due to her failure to respond to the FAC until then, ¶ 3. Exhibit IV.

Deputy clerk Mai received said request.

6.    On August 19, 2015, claimant opposed counsel Snider's demurrer to the FAC in

case 115CV280886 on behalf of church defendants, ¶ 4. Exhibit V.

7.    Claimant also requested entry of default in case 115CV280886 against deputy

Evans on August 19, 2015 due to her failure to respond to the FAC until then, ¶ 3. Exhibit VI.

Deputy clerk Ackard received said request.

8.    Still on August 19, 2015, deputy clerk Mai denied claimant's request for entry of

default in case 115CV280886 against supervisor Rodriguez, ¶ 5. Exhibit IV.

9.    On August 20, 2015, counsel Ross demurred to the FAC in case 115CV280886

on behalf of supervisor Rodriguez, ¶ 3. Counsel Ross then amended the demurrer the next day.

Exhibit VII.

10.    On September 3, 2015, counsel Snider replied to claimant's opposition to the

demurrer to the FAC in case 115CV280886 on behalf of church defendants, ¶ 6. Exhibit VIII.

11.    Claimant moved for default judgment in case 115CV280886 against supervisor

Rodriguez on September 3, 2015, ¶¶ 5, 8. Exhibit IX.

12.     On September 9, 2015, claimant opposed counsel Ross' demurrer to the FAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 9. Exhibit X.

13.     On September 11, 2015, counsel Ross opposed claimant's motion for default judgment in case 115CV280886 against supervisor Rodriguez, ¶ 11. Exhibit XI. The opposition is based on counsel Ross' request for judicial notice of deputy clerk Mai's denial of the request for entry of default against supervisor Rodriguez, ¶ 8. Exhibit XII.

14.     On September 14, 2015, judge Lucas continued the September 15 hearing on counsel Snider's demurrer to the FAC in case 115CV280886, ¶¶ 4, 6, 10, until September 24.

15.     Counsel Ross replied to claimant's opposition to her demurrer to the FAC in case 115CV280886 on behalf of supervisor Rodriguez on September 16, 2015, ¶ 12. Exhibit XIII.

16.     Also on September 16, 2015, claimant replied to counsel Ross' opposition to the motion for default judgment in case 115CV280886 against supervisor Rodriguez, ¶ 13. Exhibit XIV.

17.     On September 21, 2015, judge Lucas recused herself from case 115CV280886. Acting as civil presiding judge, judge Arand assigned the case to judge Elfving.

18.     On September 24, 2015, judge Elfving sustained counsel Snider's demurrer to the FAC in case 115CV280886 on behalf of church defendants, ¶¶ 4, 6, 10, granted counsel Ross' request for judicial notice of deputy clerk Mai's denial of the request for entry of default against supervisor Rodriguez, ¶ 13, sustained counsel Ross' demurrer to the FAC on behalf of supervisor Rodriguez, ¶¶ 9, 12, 15, and denied claimant's motion for default judgment against supervisor Rodriguez, ¶¶ 11, 13, 16. Exhibit XV.

19.     On September 25, 2015, judge Lucas ordered a hearing set for October 22 on dismissal of case 115CV280886 due to claimant's failure to appear at the September 15 case management conference, ¶ 1. Exhibit XVI.

20. Based on judge Elfving's September 24, 2015 rulings, ¶ 18, claimant filed the second amended complaint ("SAC") in case 115CV280886 on October 5, 2015. The SAC names the sheriff's office, MVPD, deputy clerk Mai, deputy clerk Ackard, counsel Snider, counsel Ross, judge Elfving, and CEO Yamasaki as additional defendants. Exhibit XVII.

21. On October 19, 2015, deputy clerk Duarte denied claimant's request for entry of default in case 115CV280886 against deputy Evans, ¶ 7. Exhibit VI.

22. On October 22, 2015, judge Elfving continued the hearing on dismissal of case 115CV280886, ¶ 19, until January 21, 2016. Exhibit XVIII.

23. On November 6, 2015, counsel Snider served claimant with demurrer to the SAC in case 115CV280886 on behalf of church defendants; Counsel Ross demurred to the SAC on behalf of supervisor Rodriguez; Counsel Quinn demurred to said SAC and moved to strike punitive damages on behalf of MVPD. Exhibits XIX, XX, XXI.

24. On November 9, 2015, counsel Long demurred to the SAC in case 115CV280886 on behalf of counsel Ross. Exhibit XXII.

25. A process server served judge Elfving and CEO Yamasaki with the SAC and other related documents in case 115CV280886 on November 10, 2015.

26. Counsel Hoberg demurred to the SAC in case 115CV280886 on behalf of the sheriff's office on November 12, 2015. Exhibit XXIII.

27. On November 17, 2015, counsel Snider filed his demurrer to the SAC in case 115CV280886 on behalf of church defendants, ¶ 23. Exhibit XIX.

28. Claimant moved for default judgment in case 115CV280886 against appeared defendants, ¶¶ 23-24, 26-27, on November 17, 2015 as well. Exhibit XXIV.

29. On November 20, 2015, counsel Ross opposed the second motion for default judgment in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 28. Exhibit XXV.

30.     Also on November 20, 2015, claimant opposed appeared defendants' demurrers to the SAC in case 115CV280886, ¶¶ 23-24, 26-27, requested entry of default against deputy clerk Mai, and filed a statement of disqualification against judge Elfving. Exhibits XXVI, XXVII, XXVIII. Manager Faraone received said statement of disqualification.

31.     Still on November 20, 2015, judge Elfving answered claimant's first statement of disqualification in case 115CV280886, ¶ 30. Exhibit XXIX. Judge Elfving then struck said statement.  Exhibit XXX.

32.     On November 23, 2015, deputy clerk Jauregui denied claimant's request for entry of default in case 115CV280886 against deputy clerk Mai, ¶ 30. Exhibit XXVII.

33.     Also on November 23, 2015, counsel Long opposed claimant's second motion for default judgment in case 115CV280886 on behalf of counsel Ross, ¶ 28. Exhibit XXXI.

34.     Claimant again requested entry of default in case 115CV280886 against deputy clerk Mai, ¶¶ 30, 32, on November 25, 2015. Deputy clerk Ngo received said request. Exhibit XXXII.

35.     Claimant replied to counsel Ross' opposition to the second motion for default judgment in case 115CV280886 on behalf of supervisor Rodriguez on November 30, 2015, ¶ 29. Claimant also filed his second statement of disqualification against judge Elfving, ¶ 31, and requested entry of default against deputy clerk Ackard, ¶ 20. Exhibits XXXIII, XXXIV, XXXV. Deputy clerk Ngo received all three documents.

36.     Also on November 30, 2015, judge Elfving answered the second statement of disqualification in case 115CV280886, ¶ 35. Exhibit XXXVI. Judge Elfving then struck said statement. Exhibit XXXVII.

37.     Still on November 30, 2015, counsel Dobson opposed the second motion for default judgment in case 115CV280886 on behalf of MVPD, ¶ 28. Exhibit XXXVIII.

38.     On December 1, 2015, counsel Ross replied to claimant's opposition to appeared defendants' demurrers to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 30. Exhibit XXXIX.

39.     Also on December 1, 2015, counsel Hoberg served claimant with opposition to the second motion for default judgment in case 115CV280886 on behalf of the sheriff's office, ¶ 28. Exhibit XL. At the same time, counsel Hoberg served claimant with reply in support of her demurrer to the SAC on behalf of the sheriff's office, ¶ 30. Exhibit XLI.

40.     On December 2, 2015, deputy clerk Jauregui denied both the second request for entry of default in case 115CV280886 against deputy clerk Mai, ¶ 34, and the request against deputy clerk Ackard, ¶ 35. Exhibits XXXII, XXXV.

41.     On December 3, 2015, claimant filed proofs of service of summons in case 115CV280886 against judge Elfving and CEO Yamasaki, ¶ 25. Claimant also applied for default judgment against deputy clerk Mai and deputy clerk Ackard, ¶¶ 34-35, 40. Exhibit XLII. Deputy clerk Wenael received all the documents. Claimant also served counsel Snider, counsel Ross, counsel Long, counsel Hoberg, and counsel Dobson with the ex parte application.

42.     On December 7, 2015, judge Elfving recused himself from case 115CV280886. Exhibit XLIII.

43.     On December 8, 2015, counsel Long served claimant with reply in support of demurrer to the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 30. Exhibit XLIV.

44.     On December 9, 2015, counsel Ross served claimant with demurrer to the SAC in case 115CV280886 on behalf of CEO Yamasaki, deputy clerk Mai, and deputy clerk Ackard, ¶¶ 25, 41. Exhibit XLV.

45.     On December 15, 2015, counsel Snider served claimant with opposition to the second motion for default judgment in case 115CV280886 on behalf of both church defendants,

¶ 28, and counsel Snider himself. Exhibit XLVI.

46.     On December 17, 2015, claimant requested entry of default in case 115CV280886 against judge Elfving, ¶ 25. Exhibit XLVII. Deputy clerk Mai received the request.

47.     On December 21, 2015, claimant received counsel Nagle's demurrer to the SAC in case 115CV280886 on behalf of judge Elfving, ¶ 46. Exhibit XLVIII.

48.     On December 30, 2015, deputy clerk Jauregui mailed to claimant denial of the request for entry of default in case 115CV280886 against judge Elfving, ¶ 46. Exhibit XLVII.

49.     Acting as civil presiding judge, judge Arand issued a notice on January 20, 2016 that a judge would be appointed and assigned case 115CV280886. Exhibit XLIX.

50.     On February 11, 2016, a notice directed claimant to appear before judge Stevens at a March 4 hearing on case 115CV280886. Exhibit L.

51.     Based on events in case 115CV280886 through December 30, 2015, ¶¶ 1-48, claimant submitted a citizen's crime report to California Attorney General's Office on February 25, 2016. Exhibit LI.

52.     On February 26, 2016, staffer McCrickard declined on behalf of attorney general Harris to intervene in response to claimant's February 25 crime report due to lack of jurisdiction, ¶ 51. Exhibit LII.

53.     Based on the February 25, 2016 crime report, ¶ 51, claimant submitted complaints against judge Elfving and judge Lucas to California Commission on Judicial Performance on February 29, 2016. Claimant also submitted to the State Bar Court complaints against counsel Snider, counsel Ross, counsel Quinn, counsel Hoberg, counsel Long, counsel Dobson, and counsel Nagle.

54.     Based on events in case 115CV280886 through December 30, 2015, ¶¶ 1-48, claimant filed a complaint against judge Elfving, judge Lucas, the clerk's office, deputy clerk

Rosales, counsel Snider, counsel Ross, counsel Long, counsel Nagle, the city attorney's office, and county counsel's office with SCCSC on March 2, 2016 (Case No. 16CV292228). Acting as civil presiding judge, judge Arand assigned the case to judge Elfving. The first case management conference was set for June 28, 2016. Exhibit LIII.

55.     Claimant filed a statement of disqualification in case 16CV292228 against judge Elfving on March 3, 2016. Judge Elfving was personally served with the statement on March 8. Exhibit LIV.

56.     On March 4, 2016, a process server served counsel Snider with the SAC and other related documents in case 115CV280886. The process server also served counsel Snider with the initial complaint and other related documents in case 16CV292228. Exhibit LV.

57.     Also on March 4, 2016, judge Stevens signed off the following orders in case 115CV280886: (1) order sustaining counsel Hoberg's demurrer to the SAC on behalf of the sheriff's office, ¶ 26; (2) order sustaining counsel Quinn's demurrer to the SAC on behalf of MVPD, ¶ 23; (3) order sustaining counsel Snider's demurrer to the SAC on behalf of both church defendants, ¶ 23, and counsel Snider himself; (4) Order sustaining counsel Long's demurrer to the SAC on behalf of counsel Ross, ¶ 24. Exhibit LVI.

58.     On March 8, 2016, counsel Hoberg filed notice of entry of judge Stevens' order sustaining her demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, ¶ 57. Exhibit LVII.

59.     On March 14, 2016, claimant moved to reconsider and revoke judge Stevens' March 4 order sustaining counsel Hoberg's demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, the order sustaining counsel Quinn's demurrer to the SAC on behalf of MVPD, and the order sustaining counsel Snider's demurrer to the SAC on behalf of both church defendants and counsel Snider himself, ¶ 57. Exhibit LVIII.

60.     On March 15, 2016, counsel Long filed notice of entry of judge Stevens' order sustaining his demurrer to the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 57. Exhibit LIX.

61.     Claimant filed a statement of disqualification in case 115CV280886 against judge Stevens on March 24, 2016. Exhibit LX. At the same time, claimant moved for default judgment against judge Elfving and to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 57. Exhibit LXI.

62.     On March 29, 2016, counsel Snider demurred to the initial complaint in case 16CV292228 on behalf of himself, ¶¶ 54, 56. Exhibit LXII.

63.     On April 1, 2016, claimant filed the first amended complaint ("FAC") in case 16CV292228, ¶ 54. The FAC names judge Arand and judge Stevens as additional defendants. Exhibit LXIII.

64.     Also on April 1, 2016, counsel Nagle demurred to the initial complaint in case 16CV292228 on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales, ¶ 54. Exhibit LXIV. Counsel Celebrezze also demurred to the complaint on behalf of counsel Long, ¶ 54. Exhibit LXV.

65.     Based on his previous order sustaining counsel Long's demurrer to the SAC on behalf of counsel Ross, ¶ 57, judge Stevens signed off a judgment in case 115CV280886 in favor of counsel Ross on April 4, 2016. Exhibit LXVI.

66.     Also on April 4, 2016, counsel Hoberg demurred to the initial complaint in case 16CV292228 on behalf of county counsel's office, ¶ 54. Exhibit LXVII.

67.     Acting as deputy trial counsel at the State Bar Court, counsel Eng dismissed claimant's complaints against counsel Snider, counsel Ross, counsel Quinn, counsel Hoberg, counsel Long, counsel Dobson, and counsel Nagle on April 5, 2016, ¶ 53. Exhibit LXVIII.

68.     Also on April 5, 2016, counsel Dobson demurred to the initial complaint in case 16CV292228 on behalf of the city attorney's office, ¶ 54. Exhibit LXIX.

69.     Judge Stevens also answered the third statement of disqualification in case 115CV280886 on April 5, 2016, ¶ 61. Exhibit LXX.

70.     On April 6, 2016, claimant moved for default judgment in case 115CV280886 against both counsel Snider and church defendants. Exhibit LXXI. At the same time, claimant filed a notice to relate case 16CV292228 to case 115CV280886. Exhibit LXXII.

71.     Also on April 6, 2016, counsel Nagle opposed the March 24 motion for default judgment in case 115CV280886 against judge Elfving and the motion to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 61. Exhibit LXXIII.

72.     On April 8, 2016, claimant moved for default judgment in case 16CV292228 against judge Elfving, the clerk's office, deputy clerk Rosales, counsel Snider, counsel Long, and county counsel's office. At the same time, claimant opposed said defendants' demurrers to the initial complaint, ¶¶ 62, 64, 66. Exhibit LXXIV.

73.     On April 12, 2016, claimant requested entry of default in case 115CV280886 against counsel Snider, ¶ 56. Deputy clerk Wenael received said request. Exhibit LXXV.

74.     On April 13, 2016, counsel Celebrezze opposed the April 8 motion for default judgment in case 16CV292228 on behalf of counsel Long, ¶ 72. Exhibit LXXVI. At the same time, counsel Long opposed the motion in case 115CV280886 to revoke judge Stevens' March 4 order sustaining his demurrer to the SAC on behalf of counsel Ross, ¶ 61. Exhibit LXXVII.

75.     On April 15, 2016, counsel Snider opposed claimant's March 14 motion in case 115CV280886 to revoke judge Stevens' March 4 order sustaining his demurrer to the SAC on behalf of both church defendants and counsel Snider himself, ¶ 59. Exhibit LXXVIII. Counsel Hoberg opposed the March 14 motion to revoke judge Stevens' March 4 order sustaining her

demurrer to the SAC on behalf of the sheriff's office, ¶ 59, as well. <u>Exhibit LXXIX</u>.

76.     On April 18, 2016, counsel Hoberg opposed claimant's April 8 motion for default judgment in case 16CV292228 on behalf of county counsel's office, ¶ 72. Counsel Nagle also opposed said motion on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales, ¶ 72. <u>Exhibit LXXX</u>.

77.     On April 20, 2016, claimant filed a second statement of disqualification in case 115CV280886 against judge Stevens, ¶ 69. <u>Exhibit LXXXI</u>.

78.     Also on April 20, 2016, claimant replied to (1) counsel Nagle's opposition to the March 24 motion for default judgment and motion to revoke orders in case 115CV280886 on behalf of judge Elfving, ¶ 71; (2) counsel Long's opposition to the March 24 motion on behalf of counsel Ross, ¶ 74; (3) counsel Snider's opposition to the March 14 motion to revoke orders on behalf of both church defendants and counsel Snider himself, ¶ 75; and (4) counsel Hoberg's opposition to the March 14 motion on behalf of the sheriff's office, ¶ 75. <u>Exhibit LXXXII</u>.

79.     Still on April 20, 2016, claimant replied to counsel Celebrezze's opposition to the April 8 motion for default judgment in case 16CV292228 on behalf of counsel Long, ¶ 74. On April 21, 2016, claimant also replied to counsel Hoberg's opposition to said motion on behalf of county counsel's office, ¶ 76.

80.     On April 21, 2016, counsel Dobson opposed claimant's March 14 and March 24 motions in case 115CV280886 to revoke judge Stevens' March 4 order sustaining counsel Quinn's demurrer to the SAC on behalf of MVPD, ¶¶ 59, 61. <u>Exhibit LXXXIII</u>.

81.     On April 25, 2016, claimant petitioned judge Pichon to replace both judge Stevens in case 115CV280886 and judge Elfving in case 16CV292228. <u>Exhibit LXXXIV</u>.

82.     Also on April 25, 2016, claimant replied to counsel Celebrezze's opposition to the April 8 motion for default judgment in case 16CV292228 on behalf of counsel Long again, ¶ 79,

counsel Hoberg's opposition to said motion on behalf of county counsel's office again, ¶ 79, and counsel Nagle's oppositions to said motion on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales, ¶ 76. <u>Exhibit LXXXV</u>.

83.     On April 28, 2016, a process server served judge Arand and judge Stevens with the FAC and other related documents in case 16CV292228, ¶ 63. <u>Exhibit LXXXVI</u>.

84.     Also on April 28, 2016, judge Stevens signed off an order sustaining counsel Ross' demurrer to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶¶ 23, 30, 38, as well as an order sustaining counsel Ross' demurrer to said SAC on behalf of deputy clerk Mai, deputy clerk Ackard, and CEO Yamasaki, ¶ 44. Counsel Nagle filed an order sustaining her demurrer to said SAC on behalf of judge Elfving, ¶ 47 as well. <u>Exhibit LXXXVII</u>.

85.     On May 2, 2016, claimant moved for default judgment in case 16CV292228 against the city attorney's office and opposed counsel Dobson's demurrer to the initial complaint on behalf of said office, ¶ 68. <u>Exhibit LXXXVIII</u>. Claimant also alerted judge Pichon to ongoing improprieties at the clerk's office, referring to the February 25 crime report, ¶ 51, as well as the April 25 petition to replace both judge Stevens and judge Elfving, ¶ 81. <u>Exhibit LXXXIX</u>.

86.     Also on May 2, 2016, counsel Long filed notice of entry of judge Stevens' April 4 judgment in case 115CV280886 in favor of counsel Ross, ¶ 65. <u>Exhibit XC</u>.

87.     On May 3, 2016, counsel Dobson demurred to the FAC in case 16CV292228 and moved to strike punitive damages on behalf of the city attorney's office, ¶¶ 63, 85. <u>Exhibit XCI</u>.

88.     Counsel Nagle requested in a letter that claimant voluntarily dismiss the FAC in case 16CV292228 on behalf of judge Elfving, the clerk's office, deputy clerk Rosales, judge Arand, judge Stevens, and herself on May 3, 2016 as well, ¶¶ 63, 83. <u>Exhibit XCII</u>.

89.     Counsel Hoberg requested in an email that claimant voluntarily dismiss the FAC in case 16CV292228 on behalf of county counsel's office on May 5, 2016, ¶ 63. <u>Exhibit XCIII</u>.

90. On May 7, 2016, claimant handed supervisor Simitian the following documents: (1) Judge Arand's notice of continued hearing in case 115CV280886, ¶ 49; (2) Notice of reassignment of case 115CV280886 to judge Stevens, ¶ 50; (3) Judge Stevens' answer to the third statement of disqualification in case 115CV280886, ¶ 69; and (4) other documents. After a short discussion, supervisor Simitian declined to sign claimant's notice of intention to recall judge Arand. Exhibit XCIV.

91. On May 8, 2016, claimant emailed supervisor Simitian two additional documents: claimant's February 25 crime report, ¶ 51, and California Attorney General Office's declination to intervene in response to said crime report, ¶ 52. Claimant also requested supervisor Simitian to call an emergency meeting in order for the board of county supervisors to address improprieties at county counsel's office. Exhibit XCIV.

92. Despite claimant's petition to replace both judge Stevens in case 115CV280886 and judge Elfving in case 16CV292228, ¶ 81, as well as the May 2 letter alleging ongoing improprieties at the clerk's office, ¶ 85, judge Pichon declined to take any action on May 10, 2016. Exhibit XCV.

93. On May 9, 2016, counsel Snider demurred to the FAC in case 16CV292228 on behalf of himself, ¶ 63. Exhibit XCVI.

94. On May 11, 2016, counsel Patterson filed notice of entry of judge Stevens' April 28 orders sustaining counsel Ross' demurrers to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, deputy clerk Mai, deputy clerk Ackard, and CEO Yamasaki, ¶ 84. Exhibit XCVII.

95. Also on May 11, 2016, counsel Nagle demurred to the FAC in case 16CV292228 on behalf of judge Elfving, the clerk's office, deputy clerk Rosales, judge Arand, judge Stevens, and herself, ¶¶ 63-64, 83, 88. Exhibit XCVIII.

96.     On May 12, 2016, counsel Hoberg demurred to the FAC in case 16CV292228 on behalf of county counsel's office, ¶¶ 63, 66, 89. Exhibit XCIX.

97.     Also on May 12, 2016, claimant requested entry of default in case 16CV292228 against judge Elfving, the clerk's office, deputy clerk Rosales, counsel Snider, counsel Long, and county counsel's office for failure to respond to the FAC, ¶ 63. Deputy clerk Smith received the requests. Exhibit C.

98.     On May 16, 2016, counsel Celebrezze demurred to the FAC in case 16CV292228 on behalf of counsel Long, ¶¶ 63, 97. Exhibit CI.

99.     On May 19, 2016, California Commission on Judicial Performance dismissed claimant's February 29 complaints against judge Elfving and judge Lucas, ¶ 53. Exhibit CII.

100.    On May 24, 2016, counsel Dobson opposed claimant's motion for default judgment in case 16CV292228 on behalf of the city attorney's office, ¶ 85. Exhibit CIII.

101.    On May 25, 2016, counsel Nagle filed notice of entry of judge Stevens' April 28 order in case 115CV280886 sustaining her demurrer to the SAC on behalf of judge Elfving, ¶ 84. Exhibit CIV.

102.    On May 27, 2016, claimant petitioned California Supreme Court to review California Commission on Judicial Performance's dismissal of his February 29 complaints against judge Elfving and judge Lucas, ¶ 99. Exhibit CV.

103.    On June 8, 2016, defeated Republican candidate in the primary election to the U.S. Senate Duf Sunheim declined to act in response to claimant's May 27 petition for review to the California Supreme Court, ¶ 102. Exhibit CVI.

104.    On June 21, 2016, counsel Nagle filed a case management statement in case 16CV292228 on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales. Counsel Snider also filed a case management statement in said case on behalf of himself. Exhibit CVII.

105.     On June 23, 2016, counsel Celebrezze filed a case management statement in case 16CV292228 on behalf of counsel Long. Exhibit CVIII.

106.     On June 27, 2016, counsel Loisel filed a case management statement in case 16CV292228 on behalf of county counsel's office. Counsel Wright filed a case management statement in said case on behalf of the city attorney's office as well. Exhibit CIX.

107.     On June 28, 2016, claimant objected to judge Pichon's attempt to continue the first case management conference in case 16CV292228, ¶ 54, until a later date.

108.     On July 13, 2016, judge O'Farrell issued an order in case 16CV292228 directing claimant to appear at an October 21 hearing. Exhibit CX.

109.     On July 15, 2016, director Lowney declined to intervene in case 115CV280886 in response to claimant's March 24 motion to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 59. Exhibit CXI.

110.     On August 10, 2016, Chief Justice Cantil-Sakauye denied claimant's petition for review of California Commission on Judicial Performance's dismissal of the complaints against judge Elfving and judge Lucas, ¶ 102. Exhibit CXII.

## CLAIMS

c1.     Claim 1 Falsifying Evidence: On August 3, 2015, counsel Snider demurred to the FAC in case 115CV280886 on behalf of church defendants, ¶ 4. Exhibit III. Besides other deficiencies, the demurrer relies on the private right of action theory. Because the private right of action theory contradicts Code of Civil Procedure §§ 32-33, counsel Snider has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c2.     Claim 2 Falsifying Evidence: On September 3, 2015, counsel Snider replied to claimant's opposition to his demurrer to the FAC in case 115CV280886 on behalf of church defendants, ¶ 10. Exhibit VIII. Since the reply misrepresents CCP §§ 32-33 as inapplicable

statute, counsel Snider has acquiesced in the criminal claims in the FAC. Thus, counsel Snider has falsified the reply in question and violated Penal Code §§ 132, 134.

c3.    Claim 3 Falsifying Evidence: On September 24, 2015, judge Elfving sustained counsel Snider's demurrer to the FAC in case 115CV280886 on behalf of church defendants, ¶ 18. Exhibit XV. The order is based on the private right of action theory regardless of CCP §§ 32-33, ¶ c1. Moreover, judge Elfving has evaded referring church defendants to the district attorney's office for criminal investigation and prosecution. Judge Elfving has falsified the order in question and violated Penal Code §§ 132, 134.

c4.    Claim 4 Conspiracy: Counsel Snider has falsified his demurrer to the FAC in case 115CV280886 on behalf of church defendants, ¶ c1, and his reply in support of said demurrer, ¶ c2, to legitimize judge Elfving's order sustaining the demurrer at issue. Judge Elfving has falsified the order sustaining said demurrer, ¶ c3, in order to legitimize that demurrer and counsel Snider's reply in support of said demurrer. Both judge Elfving and counsel Snider have violated Penal Code § 182(a)(1).

c5.    Claim 5 Falsifying Evidence: On August 19, 2015, deputy clerk Mai denied claimant's request for entry of default in case 115CV280886 against supervisor Rodriguez, ¶ 8. Exhibit IV. Deputy clerk Mai should have filed the request upon receipt, ¶ 5. Moreover, deputy clerk Mai lacks authority to deny said request. Hence deputy clerk Mai has falsified the denial at issue and violated Penal Code § 134.

c6.    Claim 6 Falsifying Evidence: Counsel Ross requested judicial notice of deputy clerk Mai's denial of the request for entry of default in case 115CV280886 against supervisor Rodriguez on September 11, 2015, ¶ 13. Exhibit XII. Counsel Ross made the request knowing that deputy clerk Mai had falsified the denial, ¶ c5. Thus, counsel Ross has falsified the request at issue and violated Penal Code §§ 132, 134.

c7.     <u>Claim 7 Falsifying Evidence</u>: Counsel Ross demurred to the FAC in case 115CV280886 on behalf of supervisor Rodriguez on August 20, 2015, ¶ 9. <u>Exhibit VII</u>. The demurrer is based on quasi-judicial immunity and the claim that the FAC has failed to comply with Government Code § 945.4. However, Government Code § 825(a) provides:

> Except as otherwise provided in this section, if an employee or former employee of a public entity requests the public entity to defend him or her against any claim or action against him or her for an injury arising out of act or omission occurring within the scope of his or her employment as an employee of the public entity and the request is made in writing not less than 10 days before the day of trial, and the employee or former employee reasonably cooperates in good faith in the defense of the claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed.

Because counsel Ross is a private attorney, supervisor Rodriguez has acknowledged that quasi-judicial immunity does not apply. Counsel Ross has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c8.     <u>Claim 8 Falsifying Evidence</u>: On September 11, 2015, counsel Ross opposed claimant's motion for default judgment in case 115CV280886 against supervisor Rodriguez, ¶ 13. <u>Exhibit XI</u>. Because the opposition is based on deputy clerk Mai's falsified denial of claimant's request for entry of default against supervisor Rodriguez, ¶ c5, and the bogus claim of quasi-judicial immunity, ¶ c7, counsel Ross has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c9.     <u>Claim 9 Falsifying Evidence</u>: On September 24, 2015, judge Elfving granted counsel Ross' request for judicial notice of deputy clerk Mai's denial of the request for entry of default in case 115CV280886 against supervisor Rodriguez, ¶ 18. <u>Exhibit XV</u>. Since counsel Ross has falsified the original request for judicial notice, ¶ c6, judge Elfving has falsified the order granting said request and violated Penal Code §§ 132, 134.

c10.    Claim 10 Falsifying Evidence: On September 24, 2015, judge Elfving sustained counsel Ross' demurrer to the FAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 18. Exhibit XV. The ruling is based on the theory that "no person may sue a public entity or public employee for 'money or damages' unless a timely written claim has been presented to and denied by the public entity" under Government Code § 810 et seq. On the contrary, Government Code § 820(a) allows civil lawsuits against supervisor Rodriguez as a private person:

> Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person.

Besides, judge Elfving has evaded referring supervisor Rodriguez to the district attorney's office for criminal investigation and prosecution. Judge Elfving has violated Penal Code §§ 132, 134.

c11.    Claim 11 Falsifying Evidence: On September 24, 2015, judge Elfving denied claimant's motion for default judgment in case 115CV280886 against supervisor Rodriguez, ¶ 18. Exhibit XV. The denial is based on counsel Ross' demurrer to the FAC on behalf of supervisor Rodriguez, ¶ 9. Since counsel Ross has falsified said demurrer, ¶ c7, judge Elfving has falsified the denial at issue and violated Penal Code §§ 132, 134.

c12.    Claim 12 Conspiracy: Counsel Ross has falsified the request for judicial notice of deputy clerk Mai's denial of the request for entry of default in case 115CV280886 against supervisor Rodriguez, ¶ c6, to legitimize judge Elfving's order granting said request. Judge Elfving has falsified the order granting the request, ¶ c9, to legitimize said request. Counsel Ross has falsified her demurrer to the FAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ c7, to legitimize judge Elfving's order sustaining said demurrer. Judge Elfving has falsified the order sustaining said demurrer, ¶ c10, to legitimize the demurrer. Counsel Ross has falsified opposition to claimant's motion for default judgment in case 115CV280886 against supervisor Rodriguez, ¶ c8, to legitimize judge Elfving's denial of the motion. Judge Elfving has falsified

denial of said motion, ¶ c11, to legitimize counsel Ross' opposition to that motion. Both judge Elfving and counsel Ross have violated Penal Code § 182(a)(1).

c13.   Claim 13 Falsifying Evidence: On September 21, 2015, judge Lucas recused herself from case 115CV280886 and judge Elfving was assigned the case, ¶ 17. As a result, judge Lucas lacks jurisdiction over the subject case since. Yet on September 25, 2015, judge Lucas ordered a hearing on dismissal of case 115CV280886, ¶ 19. Exhibit XVI. Judge Lucas has falsified the order in question and violated Penal Code §§ 132, 134.

c14.   Claim 14 Falsifying Evidence: On October 19, 2015, deputy clerk Duarte denied claimant's request for entry of default in case 115CV280886 against deputy Evans, ¶ 21. Exhibit VI. Deputy clerk Ackard should have filed the request upon receipt, ¶ 7. Moreover, deputy clerk Duarte lacks authority to deny said request. Thus, both deputy clerk Ackard and deputy clerk Duarte have falsified the denial at issue and violated Penal Code § 134.

c15.   Claim 15 Falsifying Evidence: On October 22, 2015, judge Elfving continued the hearing on dismissal of case 115CV280886 to January 21, 2016, ¶ 22. Exhibit XVIII. Being a defendant in the SAC, ¶ 20, judge Elfving should have recused himself from the subject case. Still, judge Elfving continued the dismissal hearing until January 21, 2016. Moreover, judge Elfving had continued the hearing so as to cover up its illegitimacy, ¶ c13. Judge Elfving has falsified the order at issue and violated Penal Code §§ 132, 134.

c16.   Claim 16 Falsifying Evidence: On November 6, 2015, counsel Snider served claimant with demurrer to the SAC in case 115CV280886 on behalf of church defendants, ¶ 23. Exhibit XIX. Since the demurrer still relies on the bogus private right of action theory, ¶¶ c1-c4, counsel Snider has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c17.   Claim 17 Falsifying Evidence: On November 6, 2015, counsel Ross demurred to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 23. Exhibit XX. Since

the demurrer still relies on the illegitimate claim of quasi-judicial immunity, ¶¶ c7-c8, counsel

Ross has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c18.    Claim 18 Falsifying Evidence: On November 6, 2015, counsel Quinn demurred to

the SAC in case 115CV280886 and moved to strike punitive damages on behalf of MVPD, ¶ 23.

Exhibit XXI. The response not only relies on the bogus private right of action theory, ¶ c16, but

alleges that the SAC has failed to plead a satisfactory basis for liability required by Government

Code § 815 nor present a timely claim for "money or damages" to a public entity pursuant to

Government Code §§ 810-996.6. On the contrary, Government Code § 815.2(a) provides:

> A public entity is liable for injury proximately caused by an act or omission of
> an employee of the public entity within the scope of employment if the act or
> omission would, apart from this section, have given rise to cause of action
> against that employee or his personal representative.

Moreover, claimant is seeking criminal prosecution as well as damages against MVPD. And

none of counsel Quinn's arguments exempts MVPD from criminal prosecution by the district

attorney's office. Thus, counsel Quinn has falsified both the demurrer and the motion at issue

and violated Penal Code §§ 132, 134.

c19.    Claim 19 Falsifying Evidence: On November 9, 2015, counsel Long demurred to

the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 24. Exhibit XXII. As the demurrer

still relies on the bogus private right of action theory, ¶ c16, as well as the unfounded immunity

from Penal Code, ¶¶ c1-c2, counsel Long has falsified the demurrer at issue and violated Penal

Code §§ 132, 134.

c20.    Claim 20 Falsifying Evidence: Counsel Hoberg demurred to the SAC in case

115CV280886 on behalf of the sheriff's office on November 12, 2015, ¶ 26. Exhibit XXIII.

However, the demurrer relies on the bogus claim that the SAC has failed to plead a statutory

basis for the causes of action at issue nor present a government claim to the County under

Government Code §§ 905, 905.2, 945.4, ¶ c18. Moreover, neither claim exempts the sheriff's

office from the district attorney's office's criminal prosecution, ¶ c18. Counsel Hoberg has

falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c21.    Claim 21 Falsifying Evidence: On November 20, 2015, counsel Ross opposed the

second motion for default judgment in case 115CV280886 on behalf of supervisor Rodriguez,

¶ 29. Exhibit XXV. Since the opposition is based on the falsified demurrers to both the FAC and

the SAC, ¶¶ c7, c10, c12, c17, counsel Ross has falsified the opposition at issue and violated

Penal Code §§ 132, 134.

c22.    Claim 22 Falsifying Evidence: On November 20, 2015, manager Faraone received

the first statement of disqualification in case 115CV280886 and forwarded it to deputy clerk

Rosales – judge Elfving's clerk – to file, ¶ 30. Exhibit XXVIII. This scheme was used to evade

reassignment of the subject case to another judge. Thus, both manager Faraone and deputy clerk

Rosales have falsified filing of said statement and violated Penal Code § 134.

c23.    Claim 23 Falsifying Evidence: On November 20, 2015, judge Elfving answered

the first statement of disqualification in case 115CV280886, ¶ 31. Exhibit XXIX. The answer

states that judge Elfving was voluntarily recusing himself from the subject case on October 22,

2015. Yet what judge Elfving actually did on that date was continuing the hearing on dismissal

of the subject case until January 21, 2016, ¶ c15. Because the recusal took place on December 7,

2015, ¶ 42, judge Elfving has falsified the answer at issue and violated Penal Code §§ 132, 134.

c24.    Claim 24 Falsifying Evidence: On November 20, 2015, judge Elfving struck the

first statement of disqualification in case 115CV280886, ¶ 31. Exhibit XXX. Because striking

the statement of disqualification against oneself violates CCP § 170.3(c)(5), judge Elfving has

falsified the order at issue and violated Penal Code §§ 132, 134.

c25.    Claim 25 Falsifying Evidence: On November 23, 2015, deputy clerk Jauregui

denied claimant's request for entry of default in case 115CV280886 against deputy clerk Mai.

¶ 32. <u>Exhibit XXVII</u>. Deputy clerk Page should have filed the request upon request, ¶ 30. Moreover, deputy clerk Jauregui lacks authority to deny said request. Both deputy clerk Page and deputy clerk Jauregui have falsified the denial at issue and violated Penal Code § 134.

c26. <u>Claim 26 Falsifying Evidence</u>: On November 23, 2015, counsel Long opposed the second motion for default judgment in case 115CV280886 on behalf of counsel Ross, ¶ 33. <u>Exhibit XXXI</u>. The opposition is based on deputy clerk Mai's falsified denial of the request for entry of default against supervisor Rodriguez, ¶ c5, as well as the falsified demurrer to the SAC on behalf of counsel Ross, ¶ c19. Moreover, counsel Long has misapplied California Rule of Court 1.10(a) in alleging tardiness in the filing of said motion. Thus, counsel Long has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c27. <u>Claim 27 Falsifying Evidence</u>: Deputy clerk Ngo received the second statement of disqualification in case 115CV280886 on November 30, 2015 and forwarded it to deputy clerk Rosales – judge Elfving's clerk – to file, ¶ 35. <u>Exhibit XXXIV</u>. This scheme was used to evade reassignment of the subject case to another judge. Thus, both deputy clerk Ngo and deputy clerk Rosales have falsified filing of said statement and violated Penal Code § 134.

c28. <u>Claim 28 Falsifying Evidence</u>: On November 30, 2015, judge Elfving answered claimant's second statement of disqualification in case 115CV280886, ¶ 36. <u>Exhibit XXXVI</u>. The answer states that judge Elfving's answer to the first statement of disqualification, ¶ 31, is incorporated by reference. Because the previous answer is falsified, ¶ c23, judge Elfving has falsified the second answer and violated Penal Code §§ 132, 134.

c29. <u>Claim 29 Falsifying Evidence</u>: On November 30, 2015, judge Elfving struck the second statement of disqualification in case 115CV280886, ¶ 36. <u>Exhibit XXXVII</u>. As striking the statement of disqualification against oneself violates CCP § 170.3(c)(5), judge Elfving has falsified the order at issue and violated Penal Code §§ 132, 134.

c30.     Claim 30 Falsifying Evidence: On November 30, 2015, counsel Dobson opposed the second motion for default judgment in case 115CV280886 on behalf of MVPD, ¶ 37. Exhibit XXXVIII. Since the opposition is based on judge Elfving's falsified order sustaining demurrers to the FAC, ¶¶ c3-c4, c10-c12, counsel Dobson has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c31.     Claim 31 Falsifying Evidence: On December 1, 2015, counsel Ross replied to the opposition to her demurrer to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 38. Exhibit XXXIX. Because the reply still relies on the illegitimate claim of quasi-judicial immunity, ¶ c17, counsel Ross has falsified said reply and violated Penal Code §§ 132, 134.

c32.     Claim 32 Falsifying Evidence: On December 1, 2015, counsel Hoberg served claimant with opposition to the second motion for default judgment in case 115CV280886 on behalf of the sheriff's office, ¶ 39. Exhibit XL. Since the opposition still relies on her falsified demurrer to the SAC on behalf of the sheriff's office, ¶ c20, and the bogus claim of tardiness in filing the subject motion, ¶ c26, counsel Hoberg has falsified said opposition and violated Penal Code §§ 132, 134.

c33.     Claim 33 Falsifying Evidence: On December 1, 2015, counsel Hoberg served claimant with reply in support of her demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, ¶ 39. Exhibit XLI. Since the reply still relies on government claim representation, ¶ c18, as well as the lack of statute expressly providing for liability, ¶ c18, counsel Hoberg has falsified said reply and violated Penal Code §§ 132, 134.

c34.     Claim 34 Falsifying Evidence: On December 2, 2015, deputy clerk Jauregui denied claimant's second request for entry of default in case 115CV280886 against deputy clerk Mai as well as the request against deputy clerk Ackard, ¶ 40. Exhibits XXXII, XXXV. Deputy clerk Ngo should have filed both requests upon receipt, ¶¶ 34-35. Besides, deputy clerk Jauregui

lacks authority to deny either request. Both deputy clerk Jauregui and deputy clerk Ngo have falsified the denials at issue and violated Penal Code §§ 134.

c35.    Claim 35 Falsifying Evidence: On December 3, 2015, claimant applied for default judgment in case 115CV280886 against both deputy clerk Mai and deputy clerk Ackard, ¶ 41. Exhibit XLII. Deputy clerk Wenael has received and withheld from filing said application so that there exists no docket entry of it. Deputy clerk Wenael has violated Penal Code § 134.

c36.    Claim 36 Conspiracy: Acting as civil presiding judge, judge Arand has directed deputy clerk Wenael to withhold from filing claimant's application for default judgment in case 115CV280886 against both deputy clerk Mai and deputy clerk Ackard, ¶ c35. Thus, judge Arand has violated Penal Code § 182(a)(1).

c37.    Claim 37 Falsifying Evidence: On December 7, 2015, judge Elfving recused himself from case 115CV280886, ¶ 42. Exhibit XLIII. Judge Elfving states in the tentative ruling that all motions are continued to a to-be-determined date. Yet the December 13, 2015 docket shows that hearing on counsel Ross, counsel Quinn, and counsel Hoberg's demurrers to the SAC, ¶¶ c17-c18, c20, was held on December 8. Exhibit CXIII. Online access to the docket was then blocked shortly afterwards without cause. Having directed staff members at the clerk's office to falsify the docket entries and block access to the docket in order to cover up said improprieties, Both judge Arand and manager Faraone have violated Penal Code § 134.

c38.    Claim 38 Falsifying Evidence: On December 8, 2015, counsel Long served claimant with reply in support of his demurrer to the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 43. Exhibit XLIV. Since the reply still relies on counsel Ross' falsified demurrer to the SAC, ¶ c17, counsel Long has falsified said reply and violated Penal Code §§ 132, 134.

c39.    Claim 39 Falsifying Evidence: On December 9, 2015, counsel Ross served claimant with demurrer to the SAC in case 115CV280886 on behalf of CEO Yamasaki, deputy

clerk Mai, and deputy clerk Ackard, ¶ 44. Exhibit XLV. The demurrer relies on the illegitimate claim of quasi-judicial immunity, ¶ c17. Besides, the demurrer was served after the filing of the ex parte application for default judgment against both deputy clerk Mai and deputy clerk Ackard, ¶ 41, so as to cover up deputy clerk Wenael's withholding of said application, ¶¶ c35-c36. Thus, counsel Ross has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c40.    Claim 40 Falsifying Evidence: Counsel Snider served claimant with opposition to the second motion for default judgment in case 115CV280886 on behalf of church defendants as well as counsel Snider himself on December 15, 2015, ¶ 45. Exhibit XLVI. The opposition still relies on the bogus claim of tardiness in filing the motion at issue, ¶ c26, and the falsified demurrer to the SAC on behalf of church defendants, ¶ c16. Besides, a process server mailed the SAC, the summons, and related documents to counsel Snider on October 14, 2015 under CCP § 415.30 (USPS Tracking No. 9505513013635287050169). Due to his failure in responding to the summons, counsel Snider lacks standing in opposing the subject motion on behalf of himself. Counsel Snider has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c41.    Claim 41 Falsifying Evidence: On December 21, 2015, claimant received counsel Nagle's demurrer to the SAC in case 115CV280886 on behalf of judge Elfving, ¶ 47. Exhibit XLVIII. Citing Bradley v. Fisher 80 U.S. 335, 347 (1872), the demurrer asserts that judge Elfving is immune from criminal claims in the SAC. However, such an assertion contradicts the U.S. Supreme Court's ruling that "a judge is not absolutely immune from criminal liability. Ex parte Virginia, 100 U.S. 339, 348-349 (1880)," Mireles v. Waco, 502 U.S. 9, 10 (1991). Accordingly, judge Elfving lacks criminal immunity from his rulings in the subject case, ¶¶ c3-c4, c9-c12, c15, c23-c24, c28-c29. Moreover, judge Elfving's belated recusal from the subject case, ¶ 42, has acknowledged all the claims against him in this crime report. Claimant received the demurrer on December 21, 2015 even though it was dated December 3, 2015. Counsel Nagle

has mailed the demurrer belatedly only to hide its illegitimacy. The delay is intended to cover up deputy clerk Jauregui's falsified denial of the request for entry of default against judge Elfving as well, ¶ c42. Thus, counsel Nagle has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c42.  Claim 42 Falsifying Evidence: On December 30, 2015, deputy clerk Jauregui mailed to claimant denial of the request for entry of default in case 115CV280886 against judge Elfving, ¶ 48. Exhibit XLVII. Deputy clerk Mai should have filed the request upon receipt, ¶ 46. Besides, deputy clerk Jauregui lacks authority to deny said request. Both deputy clerk Mai and deputy clerk Jauregui have falsified the denial at issue and violated Penal Code § 134.

c43.  Claim 43 Falsifying Evidence: On February 11, 2016, a notice directed claimant to appear before judge Stevens at a March 4 hearing on case 115CV280886, ¶ 50. Exhibit L. Acting as civil presiding judge, judge Arand had appointed judge Stevens and assigned him the subject case previously, ¶ 49. Exhibit XLIX. However, Article VI, Section 6, Subdivision (e) of the California Constitution provides:

> … The Chief Justice may provide for the assignment of any judge to another court but only with the judge's consent if the court is of lower jurisdiction. A retired judge who consents may be assigned to any court.

Being a judge of SCCSC rather than the Chief Justice, judge Arand lacks jurisdiction to appoint judge Stevens and assign him the subject case. Judge Arand has falsified the appointment and assignment of judge Stevens at issue and violated Penal Code §§ 132, 134.

c44.  Claim 44 Falsifying Evidence: On February 26, 2016, staffer McCrickard declined on behalf of attorney general Harris to intervene in response to claimant's February 25 crime report due to lack of jurisdiction, ¶ 52. Exhibit LII. However, a check with the State Bar shows that staffer McCrickard lacks a license to practice law in California. Exhibit CXIV. As a result, staffer McCrickard lacks standing to reply to claimant's February 25 crime report

against judge Elfving and judge Lucas. Moreover, Article VI, Section 18, Subdivision (a) of the California Constitution provides:

> A judge is disqualified from acting as a judge, without loss of salary, while there is pending (1) an indictment or an information charging the judge in the United States with a crime punishable as a felony under California or federal law, …

Because the February 25 crime report has presented *prima facie* criminal evidence against judge Elfving, *inter alia*, ¶¶ c24, c29, staffer McCrickard has falsified the reply at issue and violated Penal Code §§ 132, 134.

c45.    Claim 45 Conspiracy: Staffer McCrickard has falsified the reply to the February 25, 2016 crime report against judge Elfving and judge Lucas, ¶ c44, in order to cover up both judges' criminal offenses against claimant, ¶¶ c3-c4, c9-c13, c15, c23-c24, c28-c29. Staffer McCrickard has violated Penal Code § 182(a)(1).

c46.    Claim 46 Conspiracy: Attorney general Harris has authorized staffer McCrickard to falsify her reply to the February 25, 2016 crime report against judge Elfving and judge Lucas, ¶ c44, so as to cover up their criminal offenses against claimant, ¶ c45. Attorney general Harris has violated Penal Code § 182(a)(1).

c47.    Claim 47 Falsifying Evidence: Acting as civil presiding judge, judge Arand assigned case 16CV292228 to judge Elfving, ¶ 54. Exhibit LIII. The assignment was made in spite of judge Elfving being the lead defendant in the subject case or judge Elfving's criminal offenses against claimant, ¶ c48. Judge Arand has falsified the assignment at issue and violated Penal Code §§ 132, 134.

c48.    Claim 48 Conspiracy: Judge Arand has falsified assignment of case 16CV292228 to judge Elfving, ¶ c47, in order to cover up judge Elfving's criminal offenses against claimant, ¶¶ c3-c4, c9-c12, c15, c23-c24, c28-c29. Judge Arand has violated Penal Code § 182(a)(1).

c49.    Claim 49 Falsifying Evidence: On March 4, 2016, judge Stevens signed off an order sustaining counsel Hoberg's demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, ¶ 57. Exhibit LVI. Because judge Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Stevens has falsified signing the order at issue and counsel Hoberg has falsified the original proposed order. Both judge Stevens and counsel Hoberg have violated Penal Code §§ 132, 134.

c50.    Claim 50 Falsifying Evidence: On March 4, 2016, judge Stevens signed off an order sustaining counsel Quinn's demurrer to the SAC in case 115CV280886 on behalf of MVPD, ¶ 57. Exhibit LVI. Since judge Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Stevens has falsified signing the order at issue and counsel Quinn has falsified the original proposed order. Both judge Stevens and counsel Quinn have violated Penal Code §§ 132, 134.

c51.    Claim 51 Falsifying Evidence: On March 4, 2016, judge Stevens signed off an order sustaining counsel Snider's demurrer to the SAC in case 115CV280886 on behalf of church defendants and counsel Snider himself, ¶ 57. Exhibit LVI. Because judge Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Stevens has falsified signing the order at issue and counsel Snider has falsified the original proposed order. Both judge Stevens and counsel Snider have violated Penal Code §§ 132, 134.

c52.    Claim 52 Falsifying Evidence: On March 4, 20106, judge Stevens signed off an order sustaining counsel Long's demurrer to the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 57. Exhibit LVI. Because judge Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Stevens has falsified signing the order at issue and counsel Long has falsified the original proposed order. Both judge Stevens and counsel Long have violated Penal Code §§ 132, 134.

c53.    Claim 53 Falsifying Evidence: On March 8, 2016, counsel Hoberg filed notice of entry of judge Stevens' order sustaining her demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, ¶ 58. Exhibit LVII. Since judge Stevens has falsified signing the underlying order, ¶ c49, counsel Hoberg has falsified the notice at issue and violated Penal Code §§ 132, 134.

c54.    Claim 54 Falsifying Evidence: On March 15, 2016, counsel Long filed notice of entry of judge Stevens' order sustaining his demurrer to the SAC in case 115CV280886 on behalf of counsel Ross, ¶ 60. Exhibit LIX. Because judge Stevens has falsified signing the underlying order, ¶ c52, counsel Long has falsified the notice at issue and violated Penal Code §§ 132, 134.

c55.    Claim 55 Falsifying Evidence: On March 29, 2016, counsel Snider demurred to the initial complaint in case 16CV292228 on behalf of himself, ¶ 62. Exhibit LXII. The demurrer is based on judge Elfving's falsified order sustaining counsel Snider's demurrer to the FAC in case 115CV280886, ¶ c3, judge Stevens' falsified order sustaining counsel Snider's demurrer to the SAC in case 115CV280886, ¶ c51, and the illegitimate private right of action theory, ¶ c16. Thus, counsel Snider has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c56.    Claim 56 Falsifying Evidence: On April 1, 2016, counsel Nagle demurred to the initial complaint in case 16CV292228 on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales, ¶ 64. Exhibit LXIV. The demurrer is based on the bogus claims of judicial and/or quasi-judicial immunity, ¶¶ c41, c17, and failure in compliance with the Government Claims Act, ¶¶ c7, c10, c18. Thus, counsel Nagle has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c57.    Claim 57 Falsifying Evidence: On April 1, 2016, counsel Celebrezze demurred to the initial complaint in case 16CV292228 on behalf of counsel Long, ¶ 64. Exhibit LXV. Since

the demurrer relies on the illegitimate private right of action theory, ¶ c16, counsel Celebrezze has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c58.   Claim 58 Falsifying Evidence: Based on his previous order sustaining counsel Long's demurrer to the SAC on behalf of counsel Ross, judge Stevens signed off a judgment in case 115CV280886 in favor of counsel Ross on April 4, 2016, ¶ 65. Exhibit LXVI. Since the previous order has been falsified, ¶ c52, judge Stevens has falsified the judgment at issue and manager Faraone has falsified filing of said judgment. Thus, both judge Stevens and manager Faraone have violated Penal Code §§ 132, 134.

c59.   Claim 59 Falsifying Evidence: On April 4, 2016, counsel Hoberg demurred to the initial complaint in case 16CV292228 on behalf of county counsel's office, ¶ 66. Exhibit LXVII. The demurrer is based on the illegitimate claims that falsified evidence in case 115CV280886 constitutes privileged communications, ¶ c101, and failure in compliance with the Government Claims Act, ¶¶ c7, c10, c18. Accordingly, counsel Hoberg has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c60.   Claim 60 Falsifying Evidence: Acting as deputy trial counsel at the State Bar Court, counsel Eng dismissed claimant's complaints against counsel Snider, counsel Ross, counsel Quinn, counsel Hoberg, counsel Long, counsel Dobson, and counsel Nagle on April 5, 2016, ¶ 67. Exhibit LXVIII. Despite his lack of authority, counsel Eng has dismissed said complaints prematurely regardless of *prima facie* evidence of criminal offenses presented in the February 25 crime report, ¶¶ 53, c1-c2, c6-c8, c16-c21, c26, c30-c33, c38-c41. Counsel Eng has falsified the dismissals at issue and violated Penal Code §§ 132, 134.

c61.   Claim 61 Conspiracy: Counsel Eng has dismissed claimant's complaints against counsel Snider, counsel Ross, counsel Quinn, counsel Hoberg, counsel Long, counsel Dobson, and counsel Nagle without cause so as to cover up their criminal offenses, ¶¶ c1-c2, c6-c8, c16-

c21, c26, c30-c33, c38-c41. Counsel Eng has violated Penal Code § 182(a)(1).

c62.    Claim 62 Conspiracy: The State Bar has authorized counsel Eng to prematurely dismiss claimant's complaints against counsel Snider, counsel Ross, counsel Quinn, counsel Hoberg, counsel Long, counsel Dobson, and counsel Nagle, ¶ c61. In so doing, the State Bar has violated Penal Code § 182(a)(1).

c63.    Claim 63 Falsifying Evidence: On April 5, 2016, counsel Dobson demurred to the initial complaint in case 16CV292228 on behalf of the city attorney's office, ¶ 68. Exhibit LXIX. The demurrer is based on the bogus claim of private right of action theory, ¶ c16, and failure in compliance with Government Claims Act, ¶¶ c7, c10, c18. Thus, counsel Dobson has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c64.    Claim 64 Falsifying Evidence: On April 5, 2016, judge Stevens answered the third statement of disqualification in case 115CV280886, ¶ 69. Exhibit LXX. The answer states that judge Stevens' appointment to hear the subject case was administered through the "Assigned Judges Program in San Francisco." In fact, only Chief Justice Cantil-Sakauye is authorized to assign judge Stevens to SCCSC, ¶ c43. Besides, the answer states that judge Arand has nothing to do with judge Stevens' appointment. However, judge Arand is obligated to act pursuant to CCP § 170.3(c)(3) after judge Elfving's recusal from the subject case, ¶ 42. Judge Arand has falsified judge Stevens' appointment and assignment to the subject case as a result, ¶ c43. Thus, judge Stevens has falsified the answer at issue and manager Faraone has falsified filing of said answer. Both judge Stevens and manager Faraone have violated Penal Code §§ 132, 134.

c65.    Claim 65 Conspiracy: Judge Stevens has falsified his answer to the statement of disqualification in case 115CV280886, ¶ c64, in order to cover up judge Arand's falsifying his appointment and assignment to the subject case, ¶ c43. Judge Stevens has violated Penal Code § 182(a)(1).

c66.    Claim 66 Falsifying Evidence: A check with the State Bar shows that judge Stevens indeed works under the "Assigned Judges Program." Exhibit CXV. Since only Chief Justice Cantil-Sakauye is authorized to assign judge Stevens to SCCSC, ¶ c43, the State Bar has falsified the "Assigned Judges Program" and violated Penal Code §§ 132, 134.

c67.    Claim 67 Falsifying Evidence: on April 6, 2016, counsel Nagle opposed the March 24 motion for default judgment in case 115CV280886 against judge Elfving and the motion to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 71. Exhibit LXXIII. The opposition admits that counsel Nagle served claimant with demurrer to the SAC on behalf of judge Elfving on December 4, 2015, but filed that demurrer with the clerk's office on December 11, 2015. Between October 5, 2015, when claimant filed the SAC, ¶ 20, and December 7, 2015, when judge Elfving recused himself from case 115CV280886, ¶ 42, judge Elfving was both the judge and a defendant in the subject case. As a result, judge Elfving has falsified all his rulings in the subject case. Counsel Nagle's filing of the demurrer after judge Elfving's recusal from the subject case has acquiesced in the illegitimacy of said demurrer. The opposition next points out that claimant filed with the clerk's office a request for entry of default against judge Elfving on December 17, 2015. Yet counsel Nagle has failed to justify why it took the clerk's office thirteen days to mail denial of said request to claimant on December 30, 2015, ¶ 48. Finally the opposition alleges that claimant has failed to oppose the demurrer at issue. In fact, the very basis of the motion for default judgment lies in the illegitimacy of counsel Nagle's demurrer to the SAC on behalf of judge Elfving. Thus, counsel Nagle has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c68.    Claim 68 Falsifying Evidence: On April 12, 2016, claimant requested entry of default in case 115CV280886 against counsel Snider, ¶ 73. Exhibit LXXV. Having received and withheld from filing the request, deputy clerk Wenael has violated Penal Code § 134.

c69.    Claim 69 Falsifying Evidence: On April 13, 2016, counsel Celebrezze opposed the April 8 motion for default judgment in case 16CV292228 on behalf of counsel Long, ¶ 74. Exhibit LXXVI. Since the opposition is based on the falsified demurrer to the initial complaint on behalf of counsel Long, ¶ c57, counsel Celebrezze has falsified said opposition and violated Penal Code §§ 132, 134.

c70.    Claim 70 Falsifying Evidence: On April 13, 2016, counsel Long opposed the motion in case 115CV280886 to revoke judge Stevens' March 4 order sustaining his demurrer to the SAC on behalf of counsel Ross, ¶ 74. Exhibit LXXVII. Since the opposition is based on the falsified "Assigned Judges Program in San Francisco," ¶ c66, counsel Long has falsified said opposition and violated Penal Code §§ 132, 134.

c71.    Claim 71 Falsifying Evidence: On April 15, 2016, counsel Snider opposed claimant's March 14 motion in case 115CV280886 to revoke judge Stevens' March 4 order sustaining his demurrer to the SAC on behalf of both church defendants and counsel Snider himself, ¶ 75. Exhibit LXXVIII. Since the opposition is based on his falsified demurrer to the SAC on behalf of church defendants, ¶ c16, counsel Snider has falsified said opposition and violated Penal Code §§ 132, 134.

c72.    Claim 72 Falsifying Evidence: On April 15, 2016, counsel Hoberg opposed the March 14 motion to revoke judge Stevens' March 4 order sustaining her demurrer to the SAC on behalf of the sheriff's office, ¶ 75. Exhibit LXXIX. Since the opposition is based on her falsified demurrer to the SAC on behalf of the sheriff's office, ¶ c20, counsel Hoberg has falsified said opposition and violated Penal Code §§ 132, 134.

c73.    Claim 73 Falsifying Evidence: On April 18, 2016, counsel Hoberg opposed the April 8 motion for default judgment in case 16CV292228 on behalf of county counsel's office, ¶ 76. Exhibit LXXX. Since the opposition is based on her falsified demurrer to the complaint,

¶ c59, counsel Hoberg has falsified said opposition and violated Penal Code §§ 132, 134.

c74.    Claim 74 Falsifying Evidence: On April 18, 2016, counsel Nagle opposed the April 8 motion for default judgment in case 16CV292228 on behalf of judge Elfving, the clerk's office, and deputy clerk Rosales, ¶ 76. Exhibit LXXX. The opposition suggests that the subject motion be denied because the FAC, ¶ 63, supersedes the initial complaint, ¶ 54. Since the FAC only names judge Arand and judge Stevens as additional defendants, the claims against judge Elfving, the clerk's office, and deputy clerk Rosales remain the same. Counsel Nagle could have demurred to the FAC in the same manner as she did to the complaint. As a result, the request to deny the subject motion has acquiesced in the illegitimacy of the opposition to said motion. Having falsified her demurrer to the complaint as well, ¶ c56, counsel Nagle has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c75.    Claim 75 Falsifying Evidence: On April 21, 2016, counsel Dobson opposed claimant's March 14 and March 24 motions in case 115CV280886 to revoke judge Stevens' March 4 order sustaining counsel Quinn's demurrer to the SAC on behalf of MVPD, ¶ 80. Exhibit LXXXIII. As the opposition is based on the bogus private right of action theory, ¶ c16, counsel Dobson has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c76.    Claim 76 Falsifying Evidence: On April 28, 2016, judge Stevens signed off an order sustaining counsel Ross' demurrer to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, ¶ 84. Exhibit LXXXVII. As judge Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Stevens has falsified signing the order at issue and deputy clerk Ngo has falsified filing of said order. Both judge Stevens and deputy clerk Ngo have violated Penal Code §§ 132, 134.

c77.    Claim 77 Falsifying Evidence: On April 28, 2016, judge Stevens signed off an order sustaining counsel Ross' demurrer to the SAC in case 115CV280886 on behalf of

deputy clerk Mai, deputy clerk Ackard, and CEO Yamasaki, ¶ 84. Exhibit LXXXVII. As judge

Arand has falsified the appointment and assignment of judge Stevens to case 115CV280886,

¶ c43, judge Stevens has falsified signing the order at issue and deputy clerk Ngo has falsified

filing of said order. Thus, both judge Stevens and deputy clerk Ngo have violated Penal Code

§§ 132, 134.

c78.    Claim 78 Falsifying Evidence: On April 28, 2016, counsel Nagle filed an order

sustaining her demurrer to the SAC in case 115CV280886 on behalf of judge Elfving, ¶ 84.

Exhibit LXXXVII. Since the order bears a signature materially different from those in judge

Stevens' other orders, ¶¶ c49-c52, c58, c64, c76-c77, counsel Nagle has falsified said order

and violated Penal Code §§ 132, 134.

c79.    Claim 79 Falsifying Evidence: On May 2, 2016, counsel Long filed notice of

entry of judge Stevens' April 4 judgment in case 115CV280886 in favor of counsel Ross, ¶ 86.

Exhibit XC. Since judge Stevens has falsified the original judgment, ¶ c58, counsel Long has

falsified the notice at issue and violated Penal Code §§ 132, 134.

c80.    Claim 80 Falsifying Evidence: On May 3, 2016, counsel Dobson demurred to the

FAC in case 16CV292228 and moved to strike punitive damages on behalf of the city attorney's

office, ¶ 87. Exhibit XCI. The demurrer is based on the bogus claim of private right of action

theory, ¶ c16, and failure in compliance with Government Claims Act, ¶¶ c7, c10, c18. Thus,

counsel Dobson has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c81.    Claim 81 Influencing Victim: On May 3, 2016, counsel Nagle requested in a letter

that claimant voluntarily dismiss the FAC in case 16CV292228 on behalf of judge Elfving, the

clerk's office, deputy clerk Rosales, judge Arand, judge Stevens, and herself, ¶ 88. Exhibit XCII.

Since the request is based on the bogus claim of private right of action theory, ¶ c16, and failure

in compliance with Government Claims Act, ¶¶ c7, c10, c18, counsel Nagle has knowingly and

maliciously attempted to influence claimant. Accordingly, counsel Nagle has violated Penal Code § 136.1(a)(2).

c82.    Claim 82 Influencing Victim: On May 5, 2016, counsel Hoberg requested in an email that claimant voluntarily dismiss the FAC in case 16CV292228 on behalf of county counsel's office, ¶ 89. Exhibit XCIII. Since the request is based on the bogus claim that falsified evidence in case 115CV280886 constitutes privileged communications, ¶ c101, and failure in compliance with the Government Claims Act, ¶¶ c7, c10, c18, counsel Hoberg has knowingly and maliciously attempted to influence claimant. Accordingly, counsel Hoberg has violated Penal Code § 136.1(a)(2).

c83.    Claim 83 Falsifying Evidence: On May 5, 2016, counsel Hoberg requested in an email that claimant voluntarily dismiss the FAC in case 16CV292228 on behalf of county counsel's office, ¶ 89. Exhibit XCIII. The email also states: "the County Counsel's Office has taken the May 17, 2016 hearing on its demurrer to the original complaint off-calendar." On the contrary, Civil Local Rule 1A(1) provides: "To enable the just and efficient resolution of cases, the Court, and not the lawyers or litigants, should control the pace of litigation." Having falsified taking said hearing off-calendar so as to cover up the falsified assignment of judge Elfving to the subject case, ¶ c47, judge Arand has violated Penal Code §§ 132, 134.

c84.    Claim 84 Conspiracy: Counsel Hoberg stated in her May 5, 2016 email that the County Counsel's Office had taken the May 17 hearing on its demurrer to the original complaint off-calendar, ¶ c83. Exhibit XCIII. Having made the false statement to cover up judge Arand's falsified assignment of judge Elfving to case 16CV292228, ¶ c47, counsel Hoberg has violated Penal Code § 182(a)(1).

c85.    Claim 85 Influencing Victim: On May 7, 2016, supervisor Simitian declined to sign claimant's notice of intention to recall judge Arand in response to judge Stevens' answer to

the third statement of disqualification in case 115CV280886, ¶ 90. Exhibit XCIV. Because the answer has presented *prima facie* evidence of judge Arand's falsified appointment and assignment of judge Stevens to case 115CV280886, ¶¶ c43, c64, supervisor Simitian has knowingly and maliciously attempted to influence claimant away from pursuing the recall of judge Arand and violated Penal Code § 136.1(a)(2).

c86.   Claim 86 Conspiracy: On May 7, 2016, supervisor Simitian declined to sign claimant's notice of intention to recall judge Arand in response to judge Stevens' answer to the third statement of disqualification in case 115CV280886, ¶ 90. Since the answer has presented *prima facie* evidence of judge Arand's falsified appointment and assignment of judge Stevens to case 115CV280886, ¶¶ c43, c64, the declination serves to cover up said criminal offenses. Thus, supervisor Simitian has violated Penal Code § 182(a)(1).

c87.   Claim 87 Influencing Victim: Supervisor Simitian has evaded calling a meeting for the board of county supervisors to address improprieties at county counsel's office after receipt of claimant's May 8, 2016 request, ¶ 91. Exhibit XCIV. Since the request has presented *prima facie* evidence of improprieties at county counsel's office, ¶ c84, supervisor Simitian has knowingly and maliciously attempted to influence claimant away from pursuing either case 115CV280886 or case 16CV292228 and violated Penal Code § 136.1(a)(2).

c88.   Claim 88 Conspiracy: Supervisor Simitian has evaded calling a meeting for the board of county supervisors to address improprieties at county counsel's office after receipt of claimant's May 8, 2016 request, ¶ 91. Exhibit XCIV. Because the request has presented *prima facie* evidence of improprieties at county counsel's office, ¶ c84, the evasion serves to cover up said improprieties. Supervisor Simitian has violated Penal Code § 182(a)(1).

c89.   Claim 89 Falsifying Evidence: On May 10, 2016, judge Pichon denied claimant's petition to replace judge Stevens in case 115CV280886 and judge Elfving in case 16CV292228,

¶ 92. Exhibit XCV. The denial is based on lack of jurisdiction: "Neither the California nor the United States Constitutions empower me or any Presiding Judge" to act. However, Civil Local Rule 2C provides:

If a court employee or deputy sheriff working at a courthouse, or a member of his or her family, is a party to a case, the clerk or Supervising Judge of the Civil Division shall transfer the case to the South County Courthouse, …

Judge Arand should have transferred both case 115CV280886 and case 16CV292228 to the South County Courthouse under this rule. Yet judge Arand has falsified the assignment of case 115CV280886 to judge Stevens, ¶ c43, as well as the assignment of case 16CV292228 to judge Elfving, ¶ c47. As a result, judge Pichon is obligated to transfer both cases to the South County Courthouse, thereby replacing judge Stevens in case 115CV280886 as well as judge Elfving in case 16CV292228 as claimant has requested in said petition. Accordingly, judge Pichon has falsified the denial at issue and violated Penal Code §§ 132, 134.

c90. Claim 90 Conspiracy: Judge Pichon has falsified denial of claimant's April 25, 2016 petition to replace judges, ¶ c89, so as to cover up judge Arand's falsified appointment and assignment of judge Stevens to case 115CV280886, ¶ c43, judge Arand's falsified assignment of judge Elfving to case 16CV292228, ¶ c47, judge Stevens' falsified orders sustaining various demurrers in case 115CV280886, ¶¶ c49-c52, c58, c76-c77, as well as judge Stevens' falsified answer to the third statement of disqualification in case 115CV280886, ¶ c64. Accordingly, judge Pichon has violated Penal Code § 182(a)(1).

c91. Claim 91 Falsifying Evidence: On May 10, 2016, judge Pichon declined to act on claimant's allegation of improprieties at the clerk's office, ¶ 92, based on the following reply:

First of all, the Clerks' Office is not responsible for the removal of case number 16CV292228 from Judge Elfving's calendar. You have filed a lawsuit against Judge Elfving in this case. Therefore, he cannot preside over it, and it cannot appear on any of the calendars heard by him. Second, Judge Arand does not appoint Assigned Judges to hear cases. The appointment comes from the Judicial Council.

Because both case 115CV280886 and case 16CV292228 should have been transferred to the South County Courthouse under Civil Local Rule 2C, ¶ c89, judge Pichon has falsified the reply at issue and violated Penal Code §§ 132, 134.

c92.    Claim 92 Conspiracy: Supervisor Rodriguez has directed the deputy clerks under her supervision to commit various criminal offenses against claimant, ¶¶ c5, c14, c25, c27, c34-c35, c42, c68, C76-c77, c99, and violated Penal Code § 182(a)(1).

c93.    Claim 93 Conspiracy: CEO Yamaski has authorized manager Faraone and supervisor Rodriguez's criminal offenses against claimant, ¶¶ c22, c37, c58, c64, c92, and violated Penal Code § 182(a)(1).

c94.    Claim 94 Conspiracy: Judge Pichon has falsified her May 10, 2016 reply to claimant's allegations against the clerk's office, ¶ c91, in order to cover up its criminal offenses, ¶¶ c5, c14, c22, c25, c27, c34-c35, c37, c42, c58, c64, c68, c76-c77, c92, c93. Accordingly, judge Pichon has violated Penal Code § 182(a)(1).

c95.    Claim 95 Falsifying Evidence: On May 9, 2016, counsel Snider demurred to the FAC in case 16CV292228 on behalf of himself, ¶ 93. Exhibit XCVI. The demurrer is based on the bogus private right of action theory, ¶ c16, and the illegitimate claim that falsified evidence in case 115CV280886 constitutes privileged communications, ¶ c101. Thus, counsel Snider has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c96.    Claim 96 Falsifying Evidence: On May 11, 2016, counsel Patterson filed notice of entry of judge Stevens' April 28 orders sustaining counsel Ross' demurrers to the SAC in case 115CV280886 on behalf of supervisor Rodriguez, deputy clerk Mai, deputy clerk Ackard, and CEO Yamasaki, ¶ 94. Exhibit XCVII. Since judge Stevens has falsified signing the original order, ¶ c77, counsel Patterson has falsified the notice at issue and violated Penal Code §§ 132, 134.

c97.   <u>Claim 97 Falsifying Evidence</u>: On May 11, 2016, counsel Nagle demurred to the FAC in case 16CV292228 on behalf of judge Elfving, the clerk's office, deputy clerk Rosales, judge Arand, judge Stevens, and herself, ¶ 95. <u>Exhibit XCVIII</u>. The demurrer is based on the bogus claims of judicial and/or quasi-judicial immunity, ¶¶ c41, c17, and failure in compliance with the Government Claims Act, ¶¶ c7, c10, c18, the illegitimate private right of action theory, ¶ c16, as well as judge Pichon's falsified denial of claimant's petition to replace judge Stevens and judge Elfving, ¶ c89. Thus, counsel Nagle has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c98.   <u>Claim 98 Falsifying Evidence</u>: On May 12, 2016, counsel Hoberg demurred to the FAC in case 16CV292228 on behalf of county counsel's office, ¶ 96. <u>Exhibit XCIX</u>. Since the demurrer is based on the bogus claim of failure in compliance with the Government Claims Act, ¶¶ c7, c10, c18, counsel Hoberg has falsified said demurrer and violated Penal Code §§ 132, 134.

c99.   <u>Claim 99 Falsifying Evidence</u>: On May 12, 2016, claimant requested entry of default in case 16CV292228 against judge Elfving, the clerk's office, deputy clerk Rosales, counsel Snider, counsel Long, and county counsel's office for failure to respond to the FAC, ¶ 97. <u>Exhibit C</u>. Deputy clerk Smith received and noted as pending the requests. Since these requests should have been denied, ¶¶ c95, c97, c98, or entered, ¶ c100, upon receipt, deputy clerk Smith has falsified the status of said requests and violated Penal Code § 134.

c100.   <u>Claim 100 Falsifying Evidence</u>: On May 16, 2016, counsel Celebrezze demurred to the FAC in case 16CV292228 on behalf of counsel Long, ¶ 98. <u>Exhibit CI</u>. The demurrer is based on the bogus claim that falsified evidence in case 115CV280886 constitutes privileged communications, ¶ c101, and the illegitimate private right of action theory, ¶ c16. Accordingly, counsel Celebrezze has falsified the demurrer at issue and violated Penal Code §§ 132, 134.

c101.   <u>Claim 101 Falsifying Evidence</u>: On May 19, 2016, California Commission on Judicial Performance dismissed claimant's February 29 complaints against judge Elfving and judge Lucas, ¶ 99. <u>Exhibit CII</u>. Counsel Lane justifies the dismissals as follows:

> The commission's determination was based in part on the fact that your complaint addresses legal rulings made by the judges. Ordinarily, individual legal rulings are not a basis for review by this commission, which is not a court and does not have the authority to reverse legal rulings or intervene in legal proceedings. Even a judicial decision or administrative act later determined to be incorrect is not itself a violation of the Code of Judicial Ethics and is not misconduct.

Because the complaint against judge Elfving has presented *prima facie* evidence of his criminal offenses, ¶¶ 42, c23-c24, c28-c29, counsel Lane has falsified the dismissals at issue and violated Penal Code §§ 132, 134. Since the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution overrides Subdivision (h), Section 18, Article VI of the California Constitution, ¶ 102, counsel Lane lacks immunity from criminal prosecution. By the same token, the claims of immunity based on privileged communications in case 115CV280886 by counsel Hoberg, ¶¶ c59, c82, counsel Snider, ¶ c95, and counsel Celebrezze, ¶ c100, also contradict the Equal Protection Clause of the Fourteenth Amendment and expose them to criminal prosecution.

c102.   <u>Claim 102 Conspiracy</u>: Counsel Lane has falsified dismissals of the February 29, 2016 complaints against judge Elfving and judge Lucas, ¶ c101, so as to cover up their criminal offenses in case 115CV280886, ¶¶ c3-c4, c9-c13, c15, c23-c24, c28-c29. Accordingly, counsel Lane has violated Penal Code § 182(a)(1).

c103.   <u>Claim 103 Conspiracy</u>: The California Commission on Judicial Performance has authorized counsel Lane to falsify dismissals of claimant's February 29, 2016 complaints against judge Elfving and judge Lucas, ¶ c102. Accordingly, the Commission has violated Penal Code § 182(a)(1). Moreover, the Commission lacks immunity from criminal prosecution according to the Equal Protection Clause of the Fourteenth Amendment, ¶ c101.

c104.   Claim 104 Falsifying Evidence: On May 24, 2016, counsel Dobson opposed claimant's motion for default judgment in case 16CV292228 against the city attorney's office, ¶ 100. Exhibit CIII. The opposition suggests that the subject motion be denied as the FAC, ¶ 63, supersedes the initial complaint, ¶ 54. Since the claims against the city attorney's office remain the same, the request to deny said motion has acquiesced in the illegitimacy of the opposition to the subject motion, ¶ c74. Having falsified the demurrer to the complaint as well, ¶ c63, counsel Dobson has falsified the opposition at issue and violated Penal Code §§ 132, 134.

c105.   Claim 105 Falsifying Evidence: On May 25, 2016, counsel Nagle filed notice of entry of judge Stevens' April 28 order in case 115CV280886 sustaining her demurrer to the SAC on behalf of judge Elfving, ¶ 101. Exhibit CIV. Having forged the signature in the original order, ¶ c78, counsel Nagle has falsified the notice at issue as well and violated Penal Code §§ 132, 134.

c106.   Claim 106 Influencing Victim: On June 8, 2016, defeated Republican candidate in the primary election to the U.S. Senate Duf Sunheim declined to act in response to claimant's May 27 petition for review to the California Supreme Court, ¶ 103. Exhibit CVI. Because the petition has presented *prima facie* evidence of criminal offenses against both attorney general Harris, ¶¶ c44-c46, and the California Commission on Judicial Performance, ¶¶ c101-c103, candidate Sundheim has attempted to influence claimant away from pursuing said petition and violated Penal Code § 136.1(a)(2).

c107.   Claim 107 Conspiracy: Candidate Sunheim has declined to act in response to claimant's May 27 petition for review to the California Supreme Court, ¶ c106, so as to cover up both attorney general Harris and the California Commission on Judicial Performance's criminal offenses. Accordingly, candidate Sundheim has violated Penal Code § 182(a)(1).

c108.   Claim 108 Falsifying Evidence: On June 21, 2016, counsel Nagle filed a case management statement in case 16CV292228 on behalf of judge Elfving, the clerk's office, and

deputy clerk Rosales, ¶ 104. Exhibit CVII. Since judge Pichon has denied claimant's petition to replace judge Elfving, ¶ 92, judge Elfving still presides over case 16CV292228. With judge Elfving being both the judge and the lead defendant, ¶ c47, counsel Nagle has falsified the case management statement at issue and violated Penal Code §§ 132, 134.

c109.   Claim 109 Falsifying Evidence: On June 21, 2016, counsel Snider filed a case management statement in case 16CV292228 on behalf of himself, ¶ 104. Exhibit CVII. With judge Elfving being both the judge and the lead defendant, ¶ c108, counsel Snider has falsified the case management statement at issue and violated Penal Code §§ 132, 134.

c110.   Claim 110 Falsifying Evidence: On June 23, 2016, counsel Celebrezze filed a case management statement in case 16CV292228 on behalf of counsel Long, ¶ 105. Exhibit CVIII. With judge Elfving being both the judge and the lead defendant, ¶ c108, counsel Celebrezze has falsified the case management statement at issue and violated Penal Code §§ 132, 134.

c111.   Claim 111 Falsifying Evidence: On June 27, 2016, counsel Loisel filed a case management statement in case 16CV292228 on behalf of county counsel's office, ¶ 106. Exhibit CIX. With judge Elfving being both the judge and the lead defendant, ¶ c108, counsel Loisel has falsified the case management statement at issue and violated Penal Code §§ 132, 134.

c112.   Claim 112 Falsifying Evidence: On June 27, 2016, counsel Wright filed a case management statement in case 16CV292228 on behalf of the city attorney's office, ¶ 106. Exhibit CIX. With judge Elfving being both the judge and the lead defendant, ¶ c108, counsel Wright has falsified the case management statement at issue and violated Penal Code §§ 132, 134.

c113.   Claim 113 Influencing Victim: On June 28, 2016, claimant objected to judge Pichon's attempt to continue the first case management conference in case 16CV292228 to a

later date, ¶ 107. Having denied claimant's petition to replace judge Elfving, ¶ c89, judge Pichon lacks jurisdiction to continue said case management conference. Accordingly, judge Pichon has knowingly and maliciously attempted to deceive claimant so as to delay the subject case and violated Penal Code § 136.1(a)(2).

c114.   Claim 114 Conspiracy: Judge Pichon's has attempted to continue the June 28, 2016 case management conference in case 16CV292228, ¶ c113, in order to cover up judge Arand's falsified assignment of case 16CV292228 to judge Elfving, ¶ c47, and counsel Nagle, counsel Snider, counsel Celebrezze, counsel Loisel, as well as counsel Wright's falsified case management statements, ¶¶ c108-c112. Judge Pichon has violated Penal Code § 182(a)(1).

c115.   Claim 115 Falsifying Evidence: On July 13, 2016, judge O'Farrell issued an order in case 16CV292228 directing claimant to appear at an October 21 hearing, ¶ 108. Exhibit CX. Due to claimant's objection, judge Pichon was unable to continue the June 28 case management conference, ¶ c113. As a result, judge Pichon has appointed and assigned judge O'Farrell to case 16CV292228 without jurisdiction, ¶¶ c43, c66. Judge Pichon has falsified the appointment and assignment of judge O'Farrell at issue and violated Penal Code §§ 132, 134.

c116.   Claim 116 Falsifying Evidence: On July 13, 2016, judge O'Farrell issued an order in case 16CV292228 directing claimant to appear at an October 21 hearing, ¶ 108. Exhibit CX. As judge Pichon has falsified judge O'Farrell's appointment and assigment to case 16CV292228, ¶ c115, judge O'Farrell has falsified the order at issue and violated Penal Code §§ 132, 134.

c117.   Claim 117 Falsifying Evidence: A check with the State Bar shows that judge O'Farrell also works under the "Assigned Judges Program." Exhibit CXVI. Since only Chief Justice Cantil-Sakauye is authorized to assign judge O'Farrell to SCCSC, ¶ c43, the State Bar has again falsified the "Assigned Judges Program," ¶ c66, and violated Penal Code §§ 132, 134 as a result.

c118.   Claim 118 Conspiracy: While a prompt appointment from Chief Justice Cantil-Sakauye renders the State Bar's "Assigned Judges Program" moot, the backdated order assigning judge Stevens to SCCSC has acquiesced in the illegitimacy of the "Assigned Judges Program," ¶ c121. Having falsified the "Assigned Judges Program," ¶¶ c66, c117, so as to cover up judge Arand, judge Stevens, counsel Eng, judge Pichon, counsel Snider, counsel Patterson, counsel Holberg, counsel Nagle, counsel Celebrezze, counsel Lane, counsel Dobson, counsel Loisel, counsel Wright, and judge O'Farrell's criminal offenses, ¶¶ c43, c47-c52, c58, c60-c61, c64-c65, c76-c77, c83, c89-c91, c94-c98, c100-c102, c104-c105, c108-c116, the State Bar has violated Penal Code § 182(a)(1).

c119.   Claim 119 Falsifying Evidence: On July 15, 2016, director Lowney declined to intervene in case 115CV280886 in response to claimant's March 24 motion to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 109. Exhibit CXI. Director Lowney justifies his reply as follows:

> This office reviews complaints related to alleged judicial misconduct of retired judges sitting on assignment. …
>
> Please note that we do not have the power or authority to change, vacate or set aside any decision of a judicial officer. …

However, Subdivision (e), Section 18, Article VI of the California Constitution provides:

> The State Bar may institute appropriate attorney disciplinary proceedings against any judge who retires or resigns from office with judicial disciplinary charges pending.

Accordingly, the State Bar, not the California Judicial Conference, has the authority to review complaints of judicial misconduct against judge Stevens. Director Lowney has falsified the reply at issue and violated Penal Code §§ 132, 134.

c120.   Claim 120 Conspiracy: Having falsified his July 15, 2016 reply in response to claimant's March 24 motion to revoke judge Stevens' March 4 orders in case 115CV280886,

¶ c119, so as to cover up the State Bar's criminal offenses, ¶ c118, director Lowney has violated Penal Code § 182(a)(1).

c121.   Claim 121 Falsifying Evidence: On July 15, 2016, director Lowney declined to intervene in case 115CV280886 in response to claimant's March 24 motion to revoke judge Stevens' March 4 orders sustaining various demurrers to the SAC, ¶ 109. Exhibit CXI. Director Lowney also attached to the reply Chief Justice Cantil-Sakauye's January 28 order assigning judge Stevens to SCCSC to justify the inaction, ¶ c119. However, judge Stevens' assignment to SCCSC has come to claimant too late to be legitimate: The order should have arrived long before the July 15 declination. Accordingly, Chief Justice Cantil-Sakauye has backdated the order at issue in order to cover up the State Bar's illegitimate "Assigned Judges Program," ¶¶ c66, c117. Chief Justice Cantil-Sakauye has violated Penal Code §§ 132, 134.

c122.   Claim 122 Conspiracy: Having backdated her January 28, 2016 order assigning judge Stevens to SCCSC, ¶ c121, so as to cover up director Lowney and the State Bar's criminal offenses, ¶¶ c119-c120, Chief Justice Cantil-Sakauye has violated Penal Code § 182(a)(1).

c123.   Claim 123 Conspiracy: The California Judicial Conference has authorized Chief Justice Cantil-Sakauye and director Lowney's criminal offenses against claimant, ¶¶ c119-c122, and violated Penal Code § 182(a)(1).

c124.   Claim 124 Falsifying Evidence: Chief Justice Cantil-Sakauye denied claimant's May 27 petition for review of California Commission on Judicial Performance's dismissal of the complaints against judge Elfving and judge Lucas on August 10, 2016, ¶ 110. Exhibit CXII. The denial was rendered in spite of *prima facie* evidence of criminal offenses against the Commission on Judicial Performance and attorney general Harris, ¶¶ c44-c46, c101-c103. Moreover, Section 14, Article VI of the California Constitution provides:

> Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated.

Having denied claimant's petition against the California Commission on Judicial Performance without stating any reasons, Chief Justice Cantil-Sakauye has falsified the denial at issue and violated Penal Code §§ 132, 134.

c125.   Claim 125 Conspiracy: Having falsified the denial of claimant's May 27, 2016 petition against California Commission on Judicial Performance and attorney general Harris, ¶ c124, so as to cover up their criminal offenses, ¶¶ c44-c46, c101-c103, Chief Justice Cantil-Sakauye has violated Penal Code § 182(a)(1).

c126.   Claim 126 Attorney Misconduct: Having falsified his demurrer to the SAC in case 115CV280886 on behalf of pastor Liu, pastor Hou, minister Yu, elder Wang, and MVCCC, ¶ c16, counsel Snider has acquiesced in their criminal offenses as claimed in said SAC.

c127.   Claim 127 Attorney Misconduct: Having falsified her demurrer to the SAC in case 115CV280886 on behalf of MVPD, ¶ c18, counsel Quinn has acquiesced in officer Moore, sergeant Roberts, and MVPD's criminal offenses as claimed in said SAC.

c128.   Claim 128 Attorney Misconduct: Having falsified her demurrer to the SAC in case 115CV280886 on behalf of the sheriff's office, ¶ c20, counsel Hoberg has acquiesced in deputy Evans and the sheriff's office's criminal offenses as claimed in said SAC.

c129.   Claim 129 Attorney Misconduct: Having falsified her demurrer to the SAC in case 115CV280886 on behalf CEO Yamasaki, deputy clerk Mai, and deputy clerk Ackard, ¶ c39, counsel Ross has acquiesced in their criminal offenses as claimed in said SAC.

c130.   Claim 130 Attorney Misconduct: Having falsified her demurrer to the FAC in case 16CV292228 on behalf of the city attorney's office, ¶ c80, counsel Dobson has acquiesced in the city attorney's office's criminal offenses as claimed in said FAC.

c131.   Claim 131 Attorney Misconduct: Having falsified her demurrer to the FAC in case 16CV292228 on behalf of judge Elfving, the clerk's office, deputy clerk Rosales, judge

Arand, judge Stevens, and herself, ¶ c97, counsel Nagle has acquiesced in their criminal offenses as claimed in said FAC.

c132.   Claim 132 Attorney Misconduct: Having falsified her demurrer to the FAC in case 16CV292228 on behalf of county counsel's office, ¶ c98, counsel Hoberg has acquiesced in county counsel's office's criminal offenses as claimed in said FAC.

## VERIFICATION

Claimant declares under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Respectfully submitted this 7th day of October 2016.

Kuang-bao Ou-young

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Claimant

Exhibit II

**KAMALA D. HARRIS**
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



**PUBLIC INQUIRY UNIT**
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
(916) 322-3360
TOLL FREE (800) 952-5225
TTY CA Relay Service
(800) 735-2922

October 18, 2016

PIU: 681914

Kuang-Bao P Ou-Young
1362 Wright Avenue
Sunnyvale, CA 94087

Dear Kuang-Bao Ou-Young:

Thank you for your correspondence to the Office of the Attorney General.

While we appreciate the time and effort it has taken to contact our office, we are unable to assist you. The role of the Attorney General is to represent the People of California, collectively, in civil and criminal matters before trial courts, appellate courts, and the supreme courts of California and the United States. However, the Attorney General is prohibited by law from representing private individuals or providing legal advice, legal research or legal analysis to private individuals under any circumstances. As a result, the Attorney General cannot represent you in your private litigation or intercede on your behalf.

Therefore, we suggest that you consult with a private attorney to determine any civil remedies that may be available to you. An attorney would directly represent your interests and is the one whose advice would be most helpful to you.

Your complaint about the judge(s) involved in this case should be directed to the Commission on Judicial Performance. The Commission has exclusive jurisdiction over complaints against judges. You may contact the Commission as follows:

Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102
Telephone: (415) 557-1200
Fax: (415) 557-1266
Internet: http://cjp.ca.gov

Your complaint about the attorney(s) involved in this case should be directed to the State Bar. The Bar has exclusive jurisdiction over complaints against attorneys. You may contact the Bar as follows:

State Bar of California
1149 South Hill Street
Los Angeles, CA 90015-2299
Telephone: (213) 765-1000 (outside of CA) or
(800) 843-9053 (toll free)
Internet: http://www.calbar.ca.gov

In regards to your complaint against a court employee, please be advised that our office does not have legal authority over judicial branch employees.

Complaints about a Court Executive Officer (CEO), or about a subordinate judicial officer (SJO), such as a commissioner or referee, should be directed to the presiding judge of the court in which the CEO or SJO works. Complaints about court employees should be addressed to the CEO of the court where the employees work. Contact information for all California trial courts is on the California Courts website, located at www.courts.ca.gov under "Courts."

In regards to your complaint against a local law enforcement agency or employee, please be advised that it is the Department of Justice general policy that local governments will be primarily responsible for citizen complaints against law enforcement agencies or employees of law enforcement agencies, and that appropriate local resources (e.g. sheriff or police department, district attorney, citizens review commission, and/or grand jury in the area of jurisdiction) be utilized for resolution of such complaints.

You should first direct your complaint to the local law enforcement agency. Every law enforcement agency in California is required to establish a procedure to investigate citizens' complaints (Penal Code Section 832.5). A written description of the procedure is available from all law enforcement agencies. If a resolution of your complaint is not obtained through this procedure, you should write to the county district attorney and county grand jury in the county where the law enforcement agency is located. Most complaints against local law enforcement can be resolved by contacting the aforementioned agencies.

In regards to your complaint concerning a or religious organization, we regret that we are unable to assist you, as this matter falls outside of our jurisdiction. The Attorney General's charitable oversight role with respect to religious corporations is very restricted. The Attorney General's office does not have the same investigative or enforcement powers over religious corporations that it has over public benefit corporations and charitable trusts (Corporations Code section 9230).

With very limited exceptions, the Attorney General's enforcement powers may be used only if the directors of a religious corporation engage in criminal activity or conduct a public, fraudulent solicitation for "secular" purposes. As to most other harmful actions by directors of religious corporations, including self-dealing, improper distribution of a religious corporation's assets, and gross mismanagement, the Attorney General does not have the legal authority to file a derivative civil action on behalf of the religious corporation. Only the directors of the religious corporation or, in some cases, the corporation's statutory voting members, may file a civil action to correct these types of abuses.

Our office also has no authority over fiscal mismanagement of church funds. If you are a statutory voting member of your church, you may wish to consult a private attorney about possible civil action to correct fiscal mismanagement. If you have evidence of serious fraud and fiscal abuse by a director, you may wish to contact the Internal Revenue Service.

Lastly, it is our general policy that local governments will be primarily responsible for citizen complaints against their employees or agencies, and that appropriate local resources will be utilized for the resolution of such complaints. For complaints against city employees or agencies, address your complaint to the head of the city agency, the office of the city attorney, the office of the mayor, and your representative on the city council. For complaints against county employees or agencies, address your complaint to the head of the county agency, the office of the county counsel, and your representative on the county Board of Supervisors.

If you believe you have information indicating criminal conduct on the part of a public employee, you should immediately contact the appropriate law enforcement agency in the city or county where the incident occurred.

Page 3

If you feel your complaint about improper governmental activities has not been addressed satisfactorily by the local government agencies, consider submitting your complaint to the county grand jury. Contact information is available from the California Grand Jurors Association at http://www.cgja.org/local-grand-jury-information. If the grand jury concurs with your allegations, it will request the intervention of the district attorney. The state Attorney General would not ordinarily become involved in such a case unless the local district attorney had a conflict of interest that would prevent the district attorney from making any criminal charging decision in the case.

If after taking these steps you continue to doubt the legality of an action taken by your local officials, we suggest that you consult with a private attorney who can represent your interests in a dispute.

We regret that we are unable to assist you. However, we hope the information we have provided clarifies our restrictions in regard to your request. Thank you again for writing.

Sincerely,

Kimberly McCrickard
Public Inquiry Unit

For   KAMALA D. HARRIS
Attorney General

Exhibit III

## IN THE UNITED STATES HOUSE OF REPRESENTATIVES

## SEVENTH PETITION FOR IMPEACHMENT

Complainant Kuang-Bao P. Ou-Young, a citizen of the State of California and the United States, petitions the honorable House of Representatives of the United States for impeachment against the following civil officers:

Barack Hussein Obama II, president of the United States;

Richard G. Kopf, district judge, United States district court for the district of Nebraska;

Jeffrey T. Miller, district judge, United States district court for the southern district of California;

Phyllis J. Hamilton, chief district judge, United States district court for the northern district of California ("said district court");

Claudia Wilken, district judge, said district court;

Samuel Conti, district judge, said district court;

Maxine M. Chesney, district judge, said district court;

Thelton E. Henderson, district judge, said district court;

Saundra Brown Armstrong, district judge, said district court;

Charles R. Breyer, district judge, said district court;

Ronald M. Whyte, district judge, said district court;

Jeffrey S. White, district judge, said district court;

William H. Orrick, district judge, said district court;

William H. Alsup, district judge, said district court;

Yvonne Gonzalez Rogers, district judge, said district court;

Jon S. Tigar, district judge, said district court;

Edward M. Chen, district judge, said district court;

Lucy H. Koh, district judge, said district court;

Richard Seeborg, district judge, said district court;

Beth Labson Freeman, district judge, said district court;

James Donato, district judge, said district court;

Vince Chhabria, district judge, said district court;

Haywood S. Gilliam, Jr., district judge, said district court;

Joseph C. Spero, chief magistrate judge, said district court;

Laurel Beeler, magistrate judge, said district court;

Jacqueline Scott Corley, magistrate judge, said district court;

Maria-Elena James, magistrate judge, said district court;

Elizabeth D. Laporte, magistrate judge, said district court;

Donna M. Ryu, magistrate judge, said district court;

Kandis A. Westmore, magistrate judge, said district court;

Howard R. Lloyd, magistrate judge, said district court;

Nathanael Cousins, magistrate judge, said district court;

Nandor J. Vadas, magistrate judge, said district court;

Paul Sing Grewal, magistrate judge, said district court;

Loretta E. Lynch, United States attorney general;

Sally Quillian Yates, United States deputy attorney general;

Melinda Haag, United States attorney for the northern district of California;

James A. Scharf, assistant United States attorney ("AUSA"), United States attorney's office for the northern district of California ("said U.S. attorney's office");

Claire T. Cormier, AUSA, said U.S. attorney's office;

Stacia Hylton, director of U.S. Marshals Service;

Donald M. O'Keefe, U.S. marshal for the northern district of California;

Mark Harwell, supervisory deputy U.S. marshal, San Jose office, U.S. marshal for the northern district of California;

This petition is based on the federal criminal statutes against obstruction of justice in 18 U.S.C. §§ 1509, 1512(b), and 1512(c) as well as Section 4, Article II of the Constitution.

18 U.S.C. § 1509 prohibits interfering with the due exercise of rights under any order, judgment or decree of a court of the United States. 18 U.S.C. § 1512(b) prohibits tampering with witness in federal official proceedings. And 18 U.S.C. § 1512(c) prohibits tampering with federal official records. As a result of violation of any of these statutes, federal officials are subjected to impeachment under Section 4, Article II of the Constitution:

> The President, Vice President, and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.

This petition asserts that the aforementioned federal officers have knowingly violated 18 U.S.C. §§ 1509, 1512(b), and 1512(c) in a series of lawsuits which complainant filed with said district court. Upon proof of liability for such criminal offenses, these civil officers must be impeached and removed from office.

This petition for impeachment supplements the previous petition submitted on January 30, 2015 with one claim: Judge Freeman has fabricated four court orders so as to frame district judge Edward J. Davila and to cover up her own misdeeds, ¶¶ 112, 140, 144.

## STATEMENT OF FACTS

1.      On February 2, 2010, complainant filed a civil case against the United States Postal Service (the "Postal Service", "USPS") with said district court (Case No. 5:10-cv-00464-RS (C10-00464RS), "Docket A"). On June 10, 2011, judge Seeborg issued a summary judgment and dismissed the case. Doc. Nos. A53, A54.

2.      On May 31, 2012, complainant filed a civil case against four postal employees (Case No. 5:12-cv-02789-LHK (C12-02789LHK), "Docket B"). Case C12-02789LHK resulted from the postal employees' presentation of false declarations in defense of the Postal Service in case C10-00464RS.

3.      U.S. attorney Haag and AUSA Scharf moved to dismiss case C12-02789LHK on August 9, 2012. Doc. No. B20.

4.      On November 9, 2012, judge Koh dismissed case C12-02789LHK. Doc. No. B28.

5.      On December 5, 2012, complainant moved to vacate the judgment dismissing case C12-02789LHK and to disqualify judge Koh from the case. Doc. Nos. B34, B36.

6.      On June 10, 2013, judge Koh denied the December 5, 2012 motions to vacate judgment and to disqualify judge in case C12-02789LHK, ¶ 5. Doc. No. B48.

7.      In response to judge Koh's denial of the motion to vacate judgment in case C12-02789LHK, complainant filed a civil action on September 25, 2013 (Case No. 3:13-cv-04442-EMC (C13-04442EMC), "Docket E").

8.      Case C13-04442EMC was assigned to judge Davila on October 8, 2013. Doc. No. E9. After judge Davila recused himself from the case on October 17, case C13-04442EMC was assigned to judge Chen on October 18, 2013, Doc. Nos. E12, E13.

9.      U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC on November 5, 2013. Doc. No. E24.

10.      On November 14, 2013, U.S. attorney Haag and AUSA Cormier moved to declare complainant a vexatious litigant in case C13-04442EMC. Doc. No. E28.

11.      On December 13, 2013, complainant moved to disqualify judge Chen from case C13-04442EMC for the third time. Doc. No. E38.

12.    Judge Chen denied complainant's third motion to disqualify judge in case C13-04442EMC, ¶ 11, on December 20, 2013. Simultaneously, judge Chen dismissed case C13-04442EMC. Doc. No. E40. Based on the November 14 vexatious litigant motion, ¶ 10, judge Chen also subjected complainant's further complaints to pre-filing review by the general duty judge. *Id.* at 16-17.

> Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 *et seq.*, involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in the Court. The clerk of this Court shall not accept for filing any further complaints filed by Plaintiff alleging any claims described herein until that complaint has first been reviewed by a judge of this court and approved for filing. The pre-filing review will be made by the general duty judge who will determine whether Plaintiff has stated a potentially cognizable claim in a short intelligible and plain statement.

13.    In response to judge Chen's dismissal of case C13-04442EMC, complainant lodged a complaint at the clerk's office of the San Jose division of said district court on January 23, 2014 (Case No. 5:14-mc-80017-RMW (C14-80017RMW), "Docket MA"). Civil Local Rule 1-5(m) defines "lodge" as:

> When a statute, rule or order permits a document to be submitted to the Court but does not permit the document to be "filed" (e.g., settlement conference statement, deposition transcripts or a proposed trial exhibit), the document may be "lodged" with the Clerk's office. The Clerk will stamp the document "received" and promptly deliver it to the Chambers of the Judge for whom the document is intended.

Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk assigned the lodged complaint to judge Koh, who referred the case to judge Whyte afterwards.

14.    In response to judge Chen's dismissal of case C13-04442EMC, complainant lodged a complaint at the clerk's office of the San Francisco division of said district court on January 24, 2014 (Case No. 3:14-mc-80018-RS (C14-80018RS), "Docket MB"). Acting under

judge Chen's pre-filing review order, ¶ 12, the receiving clerk assigned the lodged complaint to judge Seeborg.

15.     On January 30, 2014, judge Whyte dismissed case C14-80017RMW, ¶ 13, before filing. Doc. No. MA4.

16.     In response to judge Chen's dismissal of case C13-04442EMC, ¶ 12, complainant lodged a complaint at the clerk's office of the Oakland division of said district court on February 3, 2014 (Case No. 4:14-mc-80028-JSW (C14-80028JSW), "Docket MC"). Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk assigned the complaint to judge Wilken. Judge Wilken then referred the case to judge Davila. Doc. No. MC2. Case C14-80028JSW was assigned to judge White after judge Davila recused himself from the case. Doc. No. MC3.

17.     In response to judge Whyte's dismissal of case C14-80017RMW, complainant filed a complaint against judge Whyte and judge Chen at the San Jose division of said district court on February 6, 2014. Deputy clerk Betty Walton issued a summons and a scheduling order to complainant as a result (Case No. C14-00567HRL). Exhibits I-II. Deputy clerk Walton was mistakenly identified as Betty Watson in some previous documents.

18.     The complaint in case C14-00567HRL asserts just one claim: (Doc. No. ME1)

   Judge Whyte's January 30, 2014 dismissal order in conjunction with judge
   Chen's December 20, 2013 dismissal order have denied plaintiff procedural
   due process in violation of the Due Process Clause of the Fifth Amendment to
   the United States Constitution.

The claim alleges no violations of 18 U.S.C. §§ 371, 1512(b), 1512(c) or 28 U.S.C § 2671 *et seq*. Further, the claim names only judge Whyte and judge Chen as defendants. Neither judge Whyte nor judge Chen is named a defendant in case C14-04442EMC or in the preceding cases. As a result, judge Chen's pre-filing review order, ¶ 12, does not apply to the complaint in case C14-00567HRL. Yet deputy clerk Walton cancelled case C14-00567HRL and assigned the case to judge White (Case No. 3:14-mc-80030-JSW (C14-80030JSW), "Docket ME").

19.     On February 7, 2014, judge Seeborg dismissed case C14-80018RS, ¶ 14, before filing. Doc. No. MB2.

20.     On February 11, 2014, plaintiff brought a criminal complaint against deputy clerk Walton and intended for judge Davila to the San Jose division of said district court. A deputy marshal at the entrance of the courthouse directed complainant to file the complaint at the clerk's office instead. Complainant subsequently withdrew that complaint from deputy clerk Walton's possession due to obvious conflict of interest.

21.     Later on February 11, 2014, plaintiff called judge Davila's chamber clerk Charles Adams about delivering the criminal complaint against deputy clerk Walton to judge Davila. Deputy clerk Adams also advised complainant to file the complaint at the clerk's office.

22.     On February 13, 2014, complainant brought a criminal complaint against deputy clerk Walton and intended for now retired district judge D. Lowell Jensen to the San Jose division of said district court.

23.     After security at the courthouse entrance cleared complainant, deputy marshal Harwell ordered complainant to file the criminal complaint at the clerk's office. Deputy clerk Walton herself received the complaint and issued a receipt to complainant afterwards.

24.     Based on deputy marshal Harwell's act of misdirection, complainant mailed a crime report to both director Hylton and marshal O'Keefe on February 25, 2014. Exhibit III.

25.     Due to the lack of response from either director Hylton or marshal O'Keefe, complainant submitted a petition for impeachment dated March 11, 2014 against judge Whyte, judge Chen, director Hylton, marshal O'Keefe, and deputy marshal Harwell to six members of the House Judiciary Committee as well as congressman Mike Honda by U.S. priority mail.

26.     Complainant sent the March 11, 2014 petition for impeachment to nine additional members of the House Judiciary Committee by Fedex ground on March 24, 2014.

27.     On March 24, 2014, U.S. Department of Justice ("USDOJ") instituted a criminal action against a certain individual also known as "Raymond Chow" and others (Case No. 3:14-cr-00196-CRB (CR14-00196CRB), "Docket CA").

28.     On March 26, 2014, judge White dismissed case C14-80028JSW, ¶ 16, before filing. Doc. No. MC4.

29.     Also on March 26, 2014, judge White dismissed case C14-80030JSW, ¶¶ 17-18, before filing. Doc. No. ME2.

30.     On April 9, 2014, USDOJ instituted a criminal action against ZAO Hewlett-Packard A.O. ("HP") (case No. 5:14-cr-00201-DLJ (CR14-00201DLJ), "Docket CC").

31.     On April 25, 2014, complainant submitted his second petition for impeachment to the House Judiciary Committee, ¶¶ 25- 26, naming judge White, former U.S. attorney general ("FAG") Eric H. Holder, Jr., and others as additional respondents. The second and later petitions were not sent to congressman Honda due to his lack of response to the first petition, ¶ 25.

32.     For the sake of brevity, substantial grounds for impeachment were left out of the second petition, ¶ 31. As a result, complainant brought a more detailed complaint to the San Jose division of said district court on June 10, 2014. Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk assigned the complaint to judge Freeman (Case No. 5:14-mc-80174-BLF (C14-80174BLF), "Docket MF").

33.     As a follow-up to case C14-80174BLF, complainant submitted a third petition for impeachment on July 2, 2014 to the House Judiciary Committee, ¶ 31, naming judge Freeman as an additional respondent.

34.     As a second follow-up to case C14-80174BLF, complainant moved on July 7, 2014 to intervene in case CR14-00196CRB, ¶ 27. Doc. No. CA344. Judge Breyer denied the motion without opposition from USDOJ on July 8, 2014. Doc. No. CA345.

35.     On July 8, 2014, judge Freeman dismissed case C14-80174BLF, ¶ 32, before filing. Doc. No. MF2.

36.     On July 17, 2014, complainant lodged a civil complaint against judge Breyer (Case No. 5:14-cv-80214-EJD (C14-80214EJD), "Docket MG") as well as a civil complaint against judge Freeman (Case No. 5:14-cv-80215-EJD (C14-80215EJD), "Docket MH") at the San Jose division of said district court. Deputy clerk Walton received both complaints.

37.     Also on July 17, 2014, USDOJ instituted a criminal action against Fedex Corp. as well as two of its subsidiaries (Case No. 3:14-cr-00380-CRB (CR14-00380CRB), "Docket CB"). Fedex delivered complainant's first petition for impeachment to the House Judiciary Committee on March 28, 2014, ¶¶ 25-26.

38.     Complainant moved to intervene in case CR14-00196CRB again, ¶ 34, and to disqualify judge Breyer from the case on July 22, 2014. Doc. No. CA367. Judge Breyer denied both motions on July 24, 2014. Doc. No. CA368.

39.     On July 29, 2014, complainant moved to intervene in case CR14-00196CRB for the third time and to disqualify judge Breyer again from the case, ¶ 38. Doc. No. CA385. Judge Breyer denied both motions on August 1, 2014. Doc. No. CA404.

40.     Also on July 29, 2014, both case C14-80214EJD and case C14-80215EJD, ¶ 36, were dismissed through an order signed by judge Davila. Doc. Nos. MG2, MH2.

41.     As a third follow-up to case C14-80174BLF, ¶ 32, complainant moved on August 1, 2014 to intervene in case CR14-00380CRB, ¶ 37, and to disqualify judge Breyer from the case. Doc. No. CB23. Judge Breyer denied the initial motion to intervene in the case regardless of the accompanying motion to disqualify judge on August 5, 2014. Doc. No. CB26.

42.     Complainant moved to intervene in case CR14-00380CRB and to disqualify judge Breyer again, ¶ 41, on August 19, 2014. Doc. No. CB33. Judge Breyer denied the second motion

to intervene in the case regardless of the accompanying motion to disqualify judge on August 27, 2014. Doc. No. CB35.

43.      Also on August 27, 2014, judge Breyer issued a pre-filing order in case CR14-00380CRB. The order directed that the clerk of the court should not accept for filing any further motions to intervene in any criminal cases filed by complainant until that motion was first reviewed by judge Breyer himself. Doc. No. CB36.

44.      As a fourth follow-up to case C14-80174BLF, complainant moved on August 5, 2014 to intervene in case CR14-00201DLJ, ¶ 30, and to vacate judge Chen's order dismissing case C13-04442EMC including the embedded pre-filing review order, ¶ 12. Doc. No. CC21. Judge Jensen denied both motions on August 21, 2014. Doc. No. CC22.

45.      As defense counsel in case CR14-00201DLJ, attorney Bruce Ives and attorney F. Joseph Warin waived HP's right to prosecution by indictment and consented to prosecution by information on September 10, 2014. Doc. No. CC25. The next day judge Jensen sentenced HP to a $58,772,250.00 fine as well as a $1,600.00 special assessment. Doc. No. CC26.

46.      On September 25, 2014, FAG Holder announced his resignation. Yet FAG Holder would remain in office until the Senate confirmed his replacement.

47.      On October 10, 2014, complainant submitted his fourth petition for impeachment to the House Judiciary Committee, ¶ 33, naming judge Jensen, judge Breyer, and, by mistake, judge Davila as additional respondents.

48.      On October 16, 2014, former U.S. deputy attorney general ("FDAG") James M. Cole announced his resignation.

49.      On October 30, 2014, judge Jensen retired from office.

50.      On November 7, 2014, complainant lodged a complaint at the San Jose division of said district court. Acting under judge Chen's pre-filing review order, ¶ 12, deputy clerk

Walton assigned the complaint to judge Koh (Case No. 5:14-mc-80306-LHK (C14-80306LHK), "Docket MI"). The complaint in case C14-80306LHK is based on the events that occurred before FAG Holder's resignation, ¶¶ 1-46.

51.     On November 14, 2014, judge Chhabria dismissed case C14-80306LHK, ¶ 50, before filing. Doc. No. MI2.

52.     On December 8, 2014, complainant lodged a complaint at the San Francisco division of said district court against attorney Ives and attorney Warin, ¶ 45. Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk forwarded the complaint to judge Alsup. Judge Alsup then referred the complaint to judge Freeman (Case No. 5:14-mc-80335-BLF (C14-80335BLF), "Docket MK"). On December 15, 2014, judge Freeman dismissed the case before filing. Doc. No. MK2.

53.     With the fourth petition for impeachment, ¶ 47, attached, complainant lodged the complaint in case C14-80335BLF, ¶ 52, at the San Francisco division of said district court again on December 18, 2014. Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk forwarded the complaint to judge Alsup for adjudication (Case No. 3:14-mc-80343-WHA (C14-80343WHA), "Docket ML"). Judge Alsup dismissed case C14-80343WHA the same day. Doc. No. ML2.

54.     Complainant also lodged the complaint in case C14-80306LHK, ¶ 50, at the San Francisco division of said district court on December 18, 2014 (Case No. 3:14-mc-80342-WHA (C14-80342WHA), "Docket MM"). Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk forwarded the complaint to judge Alsup. Again, judge Alsup dismissed case C14-80342WHA the same day. Doc. No. MM2.

55.     On January 2, 2015, complainant submitted his fifth petition for impeachment to the House Judiciary Committee, naming president Obama and others as additional respondents.

56.     On January 8, 2015, FDAG Cole officially left office, ¶ 48. As a result, current U.S. deputy attorney general ("DAG") Yates was appointed as acting DAG.

57.     Complainant lodged the complaint in case C14-80343WHA, ¶ 53, at the Oakland division of said district court on January 22, 2015. Acting under judge Chen's pre-filing review order, ¶ 12, the receiving clerk assigned the complaint to judge Rogers (Case No. 4:15-mc-80031-YGR (C15-80031YGR), "Docket MN").  On April 6, 2015, judge Rodgers dismissed the case before filing. Doc. No. MN2.

58.     On January 30, 2015, complainant submitted his sixth petition for impeachment to the House Judiciary Committee, ¶ 55, naming judge Hamilton, judge Rogers, and others as additional respondents.

59.     Current U.S. attorney general ("AG") Lynch was sworn in on April 27, 2015.

60.     DAG Yates was confirmed on May 13, 2015, ¶ 56.

61.     On May 29, 2015, complainant lodged the complaint in case C14-80343WHA, ¶ 53, at the San Francisco division of said district court. Acting under judge Chen's pre-filing review order, ¶ 12, deputy clerk Anna Sprinkles forwarded the complaint to judge Donato. Judge Donato subsequently referred the complaint to judge Freeman (Case No. 5:15-mc-80149-BLF, (C15-80149BLF)). On June 5, 2015, judge Freeman dismissed the case before filing.

62.     On June 1, 2015, complainant lodged the complaint in case C15-80149BLF, ¶ 61, at the San Jose division of said district court. Acting under judge Chen's pre-filing review order, ¶ 12, deputy clerk Walton forwarded the complaint to judge Freeman rather than judge Davila, who was the general duty judge and designated recipient (Case No. 5:15-mc-80151-EJD, (C15-80151EJD)). On June 5, 2015, judge Freeman dismissed the case before filing.

63.     Complainant submitted a criminal complaint against judge Freeman, deputy clerk Walton, and others to judge Kopf on June 15, 2015. Exhibit IV.

64.     On June 18, 2015, complainant lodged the complaint in case C15-80151EJD, ¶ 62, at the San Jose division of said district court. Deputy clerk Walton received the complaint (Case No. 5:15-mc-80172-EJD, (C15-80172EJD)). On June 23, 2015, the case was dismissed before filing.

65.     Complainant submitted a criminal complaint against judge Kopf, judge Freeman, deputy clerk Walton, and others to judge Hamilton on June 29, 2015. Judge Hamilton replied to the second criminal complaint on July 9, 2015. Exhibit V. On June 29, 2015, the second criminal complaint was submitted to judge Armstrong, judge Chesney, judge Conti, judge Gilliam, judge Henderson, judge Miller, judge Orrick, judge Tigar, and judge Wilken as well, Exhibit VI.

66.     In response to the reply to the second criminal complaint, ¶ 65, complainant lodged the complaint in case C15-80172EJD, ¶ 64, at the San Jose division of said district court on July 17, 2015. Acting under judge Chen's pre-filing review order, ¶ 12, deputy clerk Walton forwarded the complaint to judge Koh (Case No. 5:15-mc-80197-LHK (C15-80197LHK)).

67.     Complainant submitted a criminal complaint against judge Hamilton, judge Kopf, judge Freeman, deputy clerk Walton, and others to judge Sepro on July 24, 2015. Exhibit VII. The third criminal complaint was also submitted to judge Beeler, judge Corley, judge Cousins, judge Grewal, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Vadas, and judge Westmore the same day. Exhibit VIII.

68.     On July 29, 2015, U.S. attorney Haag announced her resignation. The resignation is set to take effect on September 1, 2015.

69.     On August 7, 2015, complainant lodged the complaint in case C15-80197LHK, ¶ 66, at the San Jose division of said district court. Acting under judge Chen's pre-filing review order, ¶ 12, deputy clerk Walton forwarded the complaint to judge Freeman (Case No. 5:15-mc-80212-BLF (C15-80212BLF)). Judge Freeman dismissed the case on August 13, 2015.

## GROUNDS FOR IMPEACHMENT

70.     On August 9, 2012, U.S. attorney Haag and AUSA Scharf moved to dismiss case

C12-02789LHK, ¶ 3. The motion is based essentially on the private right of action theory. Doc.

No. B20 at 18. However, the Supreme Court has held:

> These considerations suggest that, in varying scope, a qualified immunity is
> available to officers of the executive branch of government, the variation being
> dependent upon the scope of discretion and responsibilities of the office and all
> the circumstances as they reasonably appeared at the time of the action on
> which liability is sought to be based.

*Scheuer v. Rhodes*, 416 U.S. 232, 247 (1974). Based on the ruling, all defendants in case C12-

02789LHK lacked immunity from the criminal claims in the complaint. "Further proceedings,

either by way of summary judgment or by trial on the merits, are required. The complaining

parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint."

*Id.* at 250. Under the circumstances, the private right of action theory conflicts with *Scheuer*.

Hence the motion to dismiss case C12-02789LHK interferes with *Scheuer*. U.S. attorney Haag

and AUSA Scharf have knowingly violated 18 U.S.C. § 1509.

71.     Since the motion to dismiss case C12-02789LHK interferes with *Scheuer*, U.S.

attorney Haag and AUSA Scharf have fabricated the motion and violated 18 U.S.C. § 1512(c).

72.     U.S. attorney Haag and AUSA Scharf moved to dismiss case C12-02789LHK to

intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

73.     On November 9, 2013, judge Koh dismissed case C12-02789LHK based on the

private right of action theory as well, ¶ 4. Doc. No. B28 at 6-7. Since the dismissal interferes

with *Scheuer*, ¶ 70, judge Koh has knowingly violated 18 U.S.C. § 1509.

74.     Because dismissal of case C12-02789LHK interferes with *Scheuer*, judge Koh has

fabricated the dismissal and violated 18 U.S.C. § 1512(c).

75.     Judge Koh dismissed case C12-02789LHK in order to intimidate complainant into abandoning the case. Judge Koh has violated 18 U.S.C. § 1512(b).

76.     28 U.S.C. § 144 provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Accordingly, judge Koh should recuse herself from case C12-02789LHK after the December 5, 2012 motion to disqualify judge, ¶ 5. Yet on June 10, 2013, judge Koh denied both the motion to disqualify judge and the motion to vacate judgment in case C12-02789LHK. ¶ 6. Thus, denial of the motion to vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144. Judge Koh has knowingly violated 18 U.S.C. § 1509.

77.     Since denial of complainant's motion to vacate judgment in case C12-02789LHK interferes with 28 U.S.C. § 144, judge Koh has fabricated the order and violated 18 U.S.C. § 1512(c).

78.     Judge Koh denied the motion to vacate judgment in case C12-02789LHK so as to intimidate complainant into abandoning the case. Judge Koh has violated 18 U.S.C. § 1512(b).

79.     On November 5, 2013, U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC, ¶ 9, based in part on the theory that judge Koh was "absolutely immune from civil liability for damages for [her] judicial acts." Doc. No. E24 at 6. Yet the Supreme Court has held that "a judge is not absolutely immune from criminal liability." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). "Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint." *Scheuer* at 250. The motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, thereby violating 18 U.S.C. § 1509.

80.     Because the motion to dismiss case C13-04442EMC interferes with both *Mireles* and *Scheuer*, U.S. attorney Haag and AUSA Cormier have fabricated the motion and violated 18 U.S.C. § 1512(c).

81.     U.S. attorney Haag and AUSA Cormier moved to dismiss case C13-04442EMC to intimidate complainant into abandoning the case, thereby violating 18 U.S.C. § 1512(b).

82.     As a defendant in the case, judge Wilken authorized the motion to dismiss case C13-04442EMC, thereby violating 18 U.S.C. § 1512(c).

83.     In violation of 18 U.S.C. § 1512(b), judge Wilken authorized the motion to dismiss case C13-04442EMC to intimidate complainant into abandoning the case.

84.     On November 14, 2013, U.S. attorney Haag and AUSA Cormier moved to declare complainant a vexatious litigant in case C13-04442EMC, ¶ 10. The motion is based on *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) and *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990). U.S. attorney Haag and AUSA Cormier misapplied both *Molski* and *De Long* in constructing the vexatious litigant motion, thereby violating 18 U.S.C. ¶ 1512(c).

85.     In violation of 18 U.S.C. § 1512(b), U.S. attorney Haag and AUSA Cormier misapplied both *Molski* and *De long* in constructing the vexatious litigant motion in case C13-04442EMC to intimidate complainant into abandoning the case.

86.     As a defendant in the case, judge Wilken authorized the vexatious litigant motion in case C13-04442EMC, thereby violating 18 U.S.C. § 1512(c).

87.     In violation of 18 U.S.C. § 1512(b), judge Wilken authorized the vexatious litigant motion in case C13-04442EMC to intimidate complainant into abandoning the case.

88.     Pursuant to 28 U.S.C. § 144, judge Chen should recuse himself from case C13-04442EMC after the third motion to disqualify judge, ¶ 11. Yet on December 20, 2013, judge Chen dismissed case C13-04442EMC, denied the third motion to disqualify judge, and subjected

complainant's further complaints to pre-filing review by the general duty judge based on the vexatious litigant motion, ¶ 12. Since both dismissal of case C13-04442EMC and the pre-filing review order interfere with 28 U.S.C § 144, ¶ 76, judge Chen has violated 18 U.S.C. § 1509.

89.     Because dismissal of case C13-04442EMC interferes with 28 U.S.C § 144, judge Chen has fabricated the order and violated 18 U.S.C. § 1512(c).

90.     Judge Chen dismissed case C13-04442EMC so as to intimidate complainant into abandoning the case. Judge Chen has violated 18 U.S.C. § 1512(b).

91.     Not only does the pre-filing review order in case C13-04442EMC interfere with 28 U.S.C. § 144, ¶ 76, but the order is based on the fraudulent vexatious litigant motion, ¶ 84. Judge Chen has fabricated the pre-filing review order and violated 18 U.S.C. § 1512(c).

92.     On January 30, 2014, judge Whyte dismissed case C14-80017RMW, ¶ 15. Since judge Whyte dismissed case C14-80017RMW before filing to deny complainant procedural due process, judge Whyte has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

93.     Judge Whyte dismissed case C14-80017RMW so as to intimidate complainant into abandoning the case. Judge Whyte has violated 18 U.S.C. § 1512(b).

94.     On February 7, 2014, judge Seeborg dismissed case C14-80018RS, ¶ 19. Since judge Seeborg dismissed case C14-80018RS before filing to deny complainant procedural due process, judge Seeborg has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

95.     Judge Seeborg dismissed case C14-80018RS so as to intimidate complainant into abandoning the case. Judge Seeborg has violated 18 U.S.C. § 1512(b).

96.     On February 13, 2014, deputy marshal Harwell misdirected complainant at the entrance of the San Jose courthouse of said district court, ¶¶ 22-23. Deputy marshal Harwell acted to prevent complainant's criminal complaint against deputy clerk Walton from reaching judge Jensen, thereby violating 18 U.S.C. § 1512(c).

97.     On February 13, 2014, deputy marshal Harwell misdirected complainant at the entrance of the San Jose courthouse of said district court in order to intimidate complainant into abandoning case C14-00567HRL. Deputy marshal Harwell has violated 18 U.S.C. § 1512(b).

98.     In violation of 18 U.S.C. § 1512(c), both director Hylton and marshal O'Keefe have evaded responding to the crime report in case C14-00567HRL against deputy marshal Harwell, ¶¶ 24-25, since February 25, 2014.

99.     In violation of 18 U.S.C. § 1512(b), both director Hylton and marshal O'Keefe have evaded responding to the crime report in case C14-00567HRL to intimidate complainant into abandoning the case.

100.    On March 26, 2014, judge White dismissed case C14-80028JSW, ¶ 28. Since judge White dismissed case C14-80028JSW before filing to deny complainant procedural due process, judge White has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

101.    Judge White dismissed case C14-80028JSW so as to intimidate complainant into abandoning the case. Judge White has violated 18 U.S.C. § 1512(b).

102.    On March 26, 2014, judge White dismissed case C14-80030JSW, ¶ 29. Since judge White dismissed case C14-80030JSW before filing to deny complainant procedural due process, judge White has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

103.    Judge White dismissed case C14-80030JSW so as to intimidate complainant into abandoning the case. Judge White has violated 18 U.S.C. § 1512(b).

104.    On July 8, 2014, judge Freeman dismissed case C14-80174BLF, ¶ 35. Since judge Freeman dismissed case C14-80174BLF before filing to deny complainant procedural due process, judge Freeman has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

105.    Judge Freeman dismissed case C14-80174BLF so as to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

106.     Judge Breyer denied the initial motion to intervene in case CR14-00196CRB on July 8, 2014, ¶ 34. Judge Breyer denied the motion without opposition from USDOJ to cover up its improprieties. Judge Breyer has fabricated the denial and violated 18 U.S.C. § 1512(c).

107.     Judge Breyer denied the initial motion to intervene in case CR14-00196CRB so as to intimidate complainant into abandoning case C14-80174BLF. Judge Breyer has violated 18 U.S.C. § 1512(b).

108.     Judge Breyer denied the second motion to intervene in case CR14-00196CRB on July 24, 2014, ¶ 38. In violation of 18 U.S.C. § 1512(c), judge Breyer denied the motion without opposition from USDOJ to cover up its improprieties.

109.     Judge Breyer denied the second motion to intervene in case CR14-00196CRB so as to intimidate complainant into abandoning case C14-80174BLF. Judge Breyer has violated 18 U.S.C. § 1512(b).

110.     Judge Breyer denied the third motion to intervene in case CR14-00196CRB on August 1, 2014, ¶ 39. Judge Breyer denied the motion without opposition from USDOJ so as to cover up its improprieties. Judge Breyer has violated 18 U.S.C. § 1512(c).

111.     Judge Breyer denied the third motion to intervene in case CR14-00196CRB so as to intimidate complainant into abandoning case C14-80174BLF. Judge Breyer has violated 18 U.S.C. § 1512(b).

112.     Judge Davila recused himself from case C13-04442EMC on October 17, 2013, ¶ 8, and from case C14-80028JSW on February 5, 2014, ¶ 16. On February 11, 2014, the clerk's office at the San Jose division of said district court prevented complainant from presenting a criminal complaint against deputy clerk Walton to judge Davila, ¶¶ 20-21. In violation of 18 U.S.C. § 1512(c), judge Freeman falsified the order dismissing both case C14-80214EJD and case C14-80215EJD, ¶ 40, to raise doubts about judge Davila's impartiality.

113.    Judge Freeman falsified the dismissals of both case C14-80214EJD and case C14-80215EJD so as to intimidate complainant into abandoning both cases. Judge Freeman has violated 18 U.S.C. § 1512(b).

114.    Judge Breyer denied the initial motion to intervene in case CR14-00380CRB on August 5, 2014, ¶ 41. Judge Breyer denied the motion without opposition from USDOJ to cover up its improprieties. Judge Breyer has violated 18 U.S.C. § 1512(c).

115.    Judge Breyer denied the initial motion to intervene in case CR14-00380CRB so as to intimidate complainant into abandoning both case C14-80174BLF and case C14-80214EJD. Judge Breyer has violated 18 U.S.C. § 1512(b).

116.    Judge Breyer denied the second motion to intervene in case CR14-00380CRB on August 27, 2014, ¶ 42. Judge Breyer denied the motion without opposition from USDOJ to cover up its improprieties. Judge Breyer has violated 18 U.S.C. § 1512(c).

117.    In violation of 18 U.S.C. § 1512(b), judge Breyer denied the second motion to intervene in case CR14-00380CRB to intimidate complainant into abandoning both case C14-80174BLF and case C14-80214EJD.

118.    On September 25, 2014, FAG Holder announced his resignation, ¶ 46. President Obama directed FAG Holder to resign to cover up improprieties present in the first through third petitions for impeachment, ¶¶ 26, 31, 33. President Obama has violated 18 U.S.C. § 1512(c).

119.    President Obama directed FAG Holder to resign so as to intimidate complainant into abandoning the first through third petitions for impeachment. President Obama has violated 18 U.S.C. § 1512(b).

120.    On October 16, 2014, FDAG Cole announced his resignation, ¶ 48. President Obama directed FDAG Cole to resign to cover up improprieties present in the first through third petitions for impeachment. President Obama has violated 18 U.S.C. § 1512(c).

121.     President Obama directed FDAG Cole to resign so as to intimidate complainant into abandoning the first through third petitions for impeachment. President Obama has violated 18 U.S.C. § 1512(b).

122.     On November 14, 2014, judge Chhabria dismissed case C14-80306LHK, ¶ 51. As judge Chhabria dismissed case C14-80306LHK before filing to deny complainant procedural due process, judge Chhabria has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

123.     Judge Chhabria dismissed case C14-80306LHK so as to intimidate complainant into abandoning the case. Judge Chhabria has violated 18 U.S.C. § 1512(b).

124.     On December 15, 2014, judge Freeman dismissed case C14-80335BLF, ¶ 52. As judge Freeman dismissed case C14-80335BLF before filing to deny complainant procedural due process, judge Freeman has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

125.     Judge Freeman dismissed case C14-80335BLF so as to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

126.     On December 18, 2014, judge Alsup dismissed case C14-80343WHA, ¶ 53. Since judge Alsup dismissed case C14-80343WHA before filing to deny complainant procedural due process, judge Alsup has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

127.     Judge Alsup dismissed case C14-80343WHA so as to intimidate complainant into abandoning the case. Judge Alsup has violated 18 U.S.C. § 1512(b).

128.     On December 18, 2014, judge Alsup dismissed case C14-80342WHA, ¶ 54. Since judge Alsup dismissed case C14-80342WHA before filing to deny complainant procedural due process, judge Alsup has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

129.     Judge Alsup dismissed case C14-80342WHA so as to intimidate complainant into abandoning the case. Judge Alsup has violated 18 U.S.C. § 1512(b).

130.     Since her appointment on January 8, 2015 as acting DAG, ¶ 56, DAG Yates has evaded prosecuting FDAG Cole. In violation of 18 U.S.C. § 1512(c), DAG Yates has acted to cover up improprieties present in the first through third petitions for impeachment.

131.     DAG Yates has evaded prosecuting FDAG Cole so as to intimidate complainant into abandoning the first through third petitions for impeachment. DAG Yates has violated 18 U.S.C. § 1512(b).

132.     On April 6, 2015, judge Rogers dismissed case C15-80031YGR, ¶ 57. Because judge Rogers dismissed case C15-80031YGR before filing to deny complainant procedural due process, judge Rogers has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

133.     Judge Rogers dismissed case C15-80031YGR so as to intimidate complainant into abandoning the case. Judge Rogers has violated 18 U.S.C. § 1512(b).

134.     Since her sworn-in on April 27, 2015, ¶ 59, AG Lynch has evaded prosecuting FAG Holder. In violation of 18 U.S.C. § 1512(c), AG Lynch has acted to cover up improprieties present in the first through third petitions for impeachment.

135.     AG Lynch has evaded prosecuting FAG Holder so as to intimidate complainant into abandoning the first through third petitions for impeachment. AG Lynch has violated 18 U.S.C. § 1512(b).

136.     On May 29, 2015, judge Donato referred case C15-80149BLF to judge Freeman, ¶ 61, despite her improper dismissals of case C14-80335BLF, ¶ 124. and case C14-80174BLF, ¶ 104, as well as her falsified dismissals of both case C14-80214EJD and case C14-80215EJD, ¶ 112. Judge Donato has fabricated the referral of case C15-80149BLF to judge Freeman and violated 18 U.S.C. § 1512(c).

137.     In violation of 18 U.S.C. § 1512(b), judge Donato referred case C15-80149BLF to judge Freeman to intimidate complainant into abandoning the case.

138. On June 5, 2015, judge Freeman dismissed case C15-80149BLF, ¶ 61. Since judge Freeman dismissed case C15-80149BLF before filing to deny complainant procedural due process, judge Freeman has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

139. Judge Freeman dismissed case C15-80149BLF so as to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

140. On June 5, 2015, judge Freeman dismissed case C15-80151EJD, ¶ 62. As judge Freeman dismissed case C15-80151EJD even though the case was assigned to judge Davila, judge Freeman has falsified the dismissal and violated 18 U.S.C. § 1512(c).

141. Judge Freeman dismissed case C15-80151EJD so as to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

142. Complainant submitted a criminal complaint against judge Freeman, deputy clerk Walton, and others to judge Kopf, as a visiting judge, on June 15, 2015, ¶ 63. Because judge Kopf has evaded taking any action pursuant to Federal Rules of Criminal Procedure 4.1(b)(4), 4.1(b)(5), and 4(a) thus far, judge Kopf has violated 18 U.S.C. § 1512(c).

143. Judge Kopf has evaded taking any mandatory action regarding the June 15, 2015 criminal complaint to intimidate complainant into abandoning that complaint. Judge Kopf has violated 18 U.S.C. § 1512(b).

144. Case C15-80172EJD was dismissed on June 23, 2015, ¶ 64. Having falsified dismissal of case C15-80151EJD with her own signature, ¶ 140, judge Freeman had to falsified the dismissal of case C15-80172EJD with judge Davila's signature so as to deceive complainant. Judge Freeman has violated 18 U.S.C. § 1512(c).

145. Judge Freeman falsified the dismissal of case C15-80172EJD so as to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

146.     Complainant submitted a criminal complaint against judge Kopf, judge Freeman, deputy clerk Walton, and others to judge Hamilton, judge Armstrong, judge Chesney, judge Conti, judge Gilliam, judge Henderson, judge Miller – as a visiting judge, judge Orrick, judge Tigar, and judge Wilken on June 29, 2015, ¶ 65. As the named judges have evaded taking any action pursuant to Federal Rules of Criminal Procedure 4.1(b)(4), 4.1(b)(5), and 4(a) thus far, they have violated 18 U.S.C. § 1512(c).

147.     The judges named in ¶ 146 have evaded taking any mandatory action regarding the June 29, 2015 criminal complaint to intimidate complainant into abandoning that complaint. These named judges have violated 18 U.S.C. § 1512(b).

148.     Judge Koh has withheld ruling on case C15-80197LHK, ¶ 66, since July 17, 2015. Judge Koh has acted to cover up judge Chen's fabricated pre-filing review order in case C13-04442EMC, ¶ 91, and violated 18 U.S.C. § 1512(c).

149.     Judge Koh has withheld ruling on case C15-80197LHK to intimidate complainant into abandoning the case and violated 18 U.S.C. § 1512(b).

150.     Complainant submitted a criminal complaint against judge Hamilton, judge Kopf, judge Freeman, deputy clerk Walton, and others to judge Spero, judge Beeler, judge Corley, judge Cousins, judge Grewal, judge James, judge Laporte, judge Lloyd, judge Ryu, judge Vadas, and judge Westmore on July 24, 2015, ¶ 67. As the named judges have evaded taking any action pursuant to Federal Rules of Criminal Procedure 4.1(b)(4), 4.1(b)(5), and 4(a) thus far, they have violated 18 U.S.C. § 1512(c).

151.     The judges named in ¶ 150 have evaded taking any mandatory action regarding the July 24, 2015 criminal complaint to intimidate complainant into abandoning that complaint. These named judges have violated 18 U.S.C. § 1512(b).

152.     On August 13, 2015, judge Freeman dismissed case C15-80212BLF, ¶ 69. Since judge Freeman dismissed case C15-80212BLF before filing to deny complainant procedural due process, judge Freeman has fabricated the dismissal and violated 18 U.S.C. § 1512(c).

153.     Judge Freeman dismissed case C15-80212BLF to intimidate complainant into abandoning the case. Judge Freeman has violated 18 U.S.C. § 1512(b).

154.     With U.S. attorney Haag set to leave office on September 1, 2015, ¶ 68, and with judge Davila being exonerated as an impartial adjudicator, the day of rectification at the district court is closely at hand.

## CONCLUSION

President Obama, judge Kopf, judge Miller, judge Hamilton, judge Wilken, judge Conti, judge Chesney, judge Henderson, judge Armstrong, judge Breyer, judge Whyte, judge White, judge Orrick, judge Alsup, judge Rogers, judge Tigar, judge Chen, judge Koh, judge Seeborg, judge Freeman, judge Donato, judge Chhabria, judge Gilliam, judge Spero, judge Beeler, judge Corley, judge James, judge Laporte, judge Ryu, judge Westmore, judge Lloyd, judge Cousins, judge Vadas, judge Grewal, AG Lynch, DAG Yates, U.S. attorney Haag, AUSA Scharf, AUSA Cormier, director Hylton, marshal O'Keefe, and deputy marshal Harwell have obstructed federal court or congressional proceedings. Accordingly, these officers must be impeached and removed from office under Section 4, Article II of the Constitution.

Respectfully submitted this 28th day of August 2015.

Kuang-bao Ou-young

Kuang-Bao P. Ou-Young
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Complainant