| | |
|---|---|
| OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF SANTA CLARA<br>JAMES R. WILLIAMS - # 271253<br>County Counsel<br>james.williams@cco.sccgov.org<br>GRETA S. HANSEN - # 251471<br>L. JAVIER SERRANO - # 252266<br>DANIELLE L. GOLDSTEIN - # 257486<br>KAVITA NARAYAN - # 264191<br>JULIE WILENSKY - #271765<br>JULIA B. SPIEGEL - # 292469<br>ADRIANA L. BENEDICT - # 306936<br>70 West Hedding Street<br>East Wing, Ninth Floor<br>San Jose, CA  95110-1770<br>Telephone:     408 299-5900<br>Facsimile:     408 292-7240 | KEKER, VAN NEST & PETERS LLP<br>JOHN W. KEKER - # 49092<br>jkeker@keker.com<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>DANIEL PURCELL - # 191424<br>dpurcell@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>EDWARD BAYLEY - # 267532<br>ebayley@keker.com<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188 |

Attorneys For Plaintiff COUNTY OF SANTA CLARA

CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
JOHN R. TYLER
Assistant Director
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone: (202) 514-3495
Facsimile: (202) 616-8470
E-mail: scott.simpson@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>            Plaintiff,<br><br>      v.<br><br>DONALD J. TRUMP, President of the United States of America, et al.,<br><br>            Defendants. | Case No. 17-cv-00574-WHO<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:        May 2, 2017<br>Time:       1:30 p.m.<br>Dept.:       Courtroom 2, 17th Floor<br>Judge:      Hon. William Orrick<br><br>Date Filed: February 3, 2017<br><br>Trial Date: Not yet set |

1    Plaintiff County of Santa Clara (the "County") and Defendants Donald J. Trump,
2 President of the United States of America, John F. Kelly, in his official capacity as Secretary of
3 the United States Department of Homeland Security, Jefferson B. Sessions, in his official
4 capacity as Attorney General of the United States, and John Michael "Mick" Mulvaney, in his
5 official capacity as Director of the Office of Management and Budget (collectively,
6 "Defendants"), jointly submit this Case Management Statement under Federal Rule of Civil
7 Procedure 26(f) in advance of the Case Management Conference scheduled for May 2, 2017 at
8 2:00 PM in Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102.

**1.    Jurisdiction and Service**

10   This is an action to enjoin and declare unconstitutional Executive Order 13768, which
11 President Donald J. Trump issued on January 25, 2017. Exec. Order 13768, 82 Fed. Reg. 8799
12 (Jan. 25, 2017) (the "Executive Order"). This Court has federal question jurisdiction over this
13 action under 28 U.S.C. § 1331 because this action arises under the Constitution and the laws of
14 the United States. The Court also has jurisdiction under 28 U.S.C. § 1346 because this is a civil
15 action or claim against the United States founded upon the Constitution, an Act of Congress, and
16 an executive regulation.

17   The County asserts that the Court also has mandamus jurisdiction under 28 U.S.C. § 1361,
18 which provides that "[t]he district courts shall have original jurisdiction of any action in the
19 nature of mandamus to compel an officer or employee of the United States or any agency thereof
20 to perform a duty owed to the plaintiff." Defendants do not concede the appropriateness of
21 mandamus jurisdiction.

22   Defendants dispute subject matter jurisdiction on the grounds that the County does not
23 have standing and that its claims are not ripe.

24   Defendants do not dispute personal jurisdiction or service of the County's Complaint for
25 Declaratory and Injunctive Relief.

26   Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendants are officers
27 and employees of the United States or any agency thereof acting in their official capacities,
28 Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to this

1
**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
Case No. 17-cv-00574-WHO

1161414

action are occurring in this District.

2. **Facts**

County's Position:

Both before and after being elected, President Trump has repeatedly pledged to deny *all* federal funding to "sanctuary jurisdictions"—state and local governments that he believes are hindering federal immigration enforcement. On January 25, 2017, the President issued the Executive Order, which announces that the "policy of the executive branch" is to "[e]nsure that jurisdictions that fail to comply with applicable Federal law do not receive Federal funds, except as mandated by law." *Id.* § 2(c). Section 9 of the Executive Order vests executive branch officials with unlimited, unreviewable discretion to deny federal funds to whichever jurisdictions they deem to be "sanctuary jurisdictions," and mandates unspecified enforcement action against them. Consistent with the President's statements, the Executive Order's plain text makes clear that it applies to all federal funds. For example, Section 9(c) orders the Director of the Office of Management and Budget to provide "information on all Federal grant money that currently is received by any sanctuary jurisdiction." *Id.* § 9(c). Although the Administration has recently proffered a more narrow interpretation of the Order's scope, that reading contravenes the Order's plain text. For instance, the Administration now contends that the order applies only to law-enforcement related grants, while the Order expressly *exempts* such funds—and only such funds—from defunding. *Id.* § 9(a).

The County has enacted policies that place it squarely in the Executive Order's crosshairs, and, consistent with Section 9(b) of the Order, the Department of Homeland Security has identified the County as noncompliant in published reports. It is undisputed that the County annually receives roughly $1.7 billion in federal and federally dependent funds (about 35% of its total annual revenues), the vast majority of which is provided on a reimbursement basis. The County also receives COPS grants—one of the DOJ grants the Administration has targeted for initial defunding. The Executive Order has therefore placed the County—a governmental entity responsible for providing safety-net services to 1.9 million residents—in an impossible position: it must either buckle to the Administration's coercion by changing the local policies it enacted to

1  protect its residents, or else begin making drastic budgetary decisions.

2  The County filed a Complaint seeking injunctive and declaratory relief on February 3,
3  2017. *See* ECF No. 1. The County asserted four causes of action, alleging that the Executive
4  Order violates the separation of powers and the Tenth Amendment, denies procedural due process
5  under the Fifth Amendment, and is unconstitutionally vague. The County moved for a
6  preliminary injunction on February 23, 2017. *See* ECF No. 26. The Court granted the County's
7  motion on April 25, 2017. *See* ECF No. 98.

8  <u>Defendants' Position</u>:

9  Defendants are in the process of making several decisions and taking several steps that
10 must be completed in order to implement the Executive Order. Defendants have not determined
11 that any jurisdiction is a "sanctuary jurisdiction" under the Order.

12 **3.      Legal Issues**

13 <u>County's Position</u>: The County's lawsuit presents several important legal issues,
14 including the following:

15          1.      Whether the President had constitutional or statutory authority to issue Section 9
16                  of the Executive Order;
17          2.      Whether Section 9 of the Executive Order offends the separation of powers
18                  inherent in the U.S. Constitution;
19          3.      Whether Section 9 of the Executive Order assumes spending powers that even
20                  Congress lacks pursuant to binding precedents interpreting the Spending Clause;
21          4.      Whether Section 9 of the Executive Order violates the Tenth Amendment's
22                  prohibition against commandeering local governments to implement federal
23                  programs;
24          5.      Whether Section 9 of the Executive Order is unconstitutionally vague under the
25                  Fifth Amendment's Due Process Clause;
26          6.      Whether Section 9 of the Executive Order violates the right to procedural due
27                  process guaranteed by the Fifth Amendment;
28          7.      Whether Section 9 of the Executive Order has caused, and is causing, imminent

|   |   |                                                                                          |
|---|---|------------------------------------------------------------------------------------------|
| 1 |   | and irreparable harm to the County;                                                      |
| 2 | 8.| Whether the balance of hardships and the public interest support an order enjoining Section 9 of the Executive Order; and |
| 4 | 9.| Whether the County is entitled to an order declaring Section 9 of the Executive Order unconstitutional. |

        Defendants' Position:  This action presents the following legal issues:

1. Whether the plaintiff's claims are constitutionally ripe for judicial review;
2. Whether the plaintiff satisfies the requirements for constitutional standing;
3. Whether the Executive Order violates the constitutional Separation of Powers;
4. Whether the Executive Order is void for vagueness under the Due Process Clause;
5. Whether the Executive Order violates the requirements of procedural due process under the Due Process Clause; and
6. Whether the Executive Order violates the Tenth Amendment.

**4.  Motions**

        County's Position:  The County filed a Motion for Preliminary Injunction (the "PI Motion") on February 23, 2017.  *See* ECF No. 26.  The Court heard oral arguments on the PI Motion on April 14, 2017, and granted the motion on April 25, 2017.  *See* ECF No. 98.  The County anticipates filing a motion for summary judgment at the appropriate time after discovery.  The County may also file joint statements or letters related to discovery disputes, if needed.

        Defendants' Position:   The defendants intend to file a motion to dismiss on May 1, 2017.  No other motions are contemplated at this time.

        The parties note that the Young Women's Christian Association of Silicon Valley has filed a Motion for Permissive Intervention, which remains pending.  *See* ECF No. 43.

**5.  Amendment of Pleadings**

        County's Position:  The County does not currently intend to amend the operative Complaint in this action.  Defendants have not filed a response to the Complaint.

        Defendants' Position:  N/A

**6.  Evidence Preservation**

The parties represent that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties agreed to meet and confer regarding a stipulated ESI Protocol as appropriate.

**7.      Disclosures**

Pursuant to Rule 26(a)(1)(C), the parties have agreed to exchange initial disclosures on or before May 12, 2017.

**8.      Discovery**

The parties held their Rule 26(f) conference on April 21, 2017. As noted, pursuant to Rule 26(a)(1)(C), the parties have agreed to exchange initial disclosures on or before May 12, 2017. No discovery has yet occurred.

**A.      Discovery Subjects and Phases**

County's Position: The County intends to promulgate discovery requests according to the schedule and limits set forth in the Federal Rules of Civil Procedure, including interrogatories, requests for admissions, requests for production of documents, and depositions. The County anticipates that discovery will be needed on the creation, scope, intent, meaning, application, and implementation of the Executive Order, as well as Defendants' position regarding the nature of detainer requests. Unless there are unusually protracted discovery disputes, the County anticipates being able to conclude discovery by Fall 2017.

Defendants' Position: Defendants believe no discovery should occur in this case until the Court has settled the question of subject matter jurisdiction, which Defendants intend to address in a forthcoming motion to dismiss.

**B.      Written and Deposition Discovery Limits**

In light of Defendants' position that no discovery should occur until the Court has settled the question of subject matter jurisdiction, the parties did not discuss or agree to any discovery limitations.

**C.    Method of Service**

In light of Defendants' position that no discovery should occur until the Court has settled the question of subject matter jurisdiction, the parties did not discuss or agree to any particular method of service. The parties are willing to meet and confer regarding establishing an electronic service agreement.

**D.    Protective Order.**

The parties will meet and confer regarding a stipulated protective order, as appropriate.

**E.    Other Discovery Issues.**

In light of Defendants' position that no discovery should occur until the Court has settled the question of subject matter jurisdiction, the parties did not discuss any other discovery issues at this time.

**9.    Class Actions**

This case is not a class action.

**10.    Related Cases.**

The parties are aware of the following related cases pending before the Court:

- *City and County of San Francisco v. Donald J. Trump et al.*, 17-cv-00485-WHO
- *City of Richmond v. Trump et al.*, 17-cv-01535-WHO

The parties are also aware of the following cases pending in courts outside this District that challenge the constitutionality of the Executive Order:

- *City of Seattle v. Trump*, 2:17-cv-00497 (W.D. Wash.)
- *City of Chelsea et al. v. Trump*, 1:17-cv-10214-GAO (D. Mass)

**11.    Relief**

Through this action, the County seeks a judicial declaration that Section 9 of the Executive Order is unconstitutional, as well as a preliminary and permanent injunction enjoining the implementation and enforcement of the Executive Order.

**12.    Settlement and ADR**

The parties certify that they have complied with the requirements of the ADR Local Rules in this district. The parties agree that this case is unlikely to be resolved through settlement or

ADR.

### 13. Consent for Magistrate Judges for All Purposes

The parties have not consented to have a magistrate judge conduct all further proceedings; therefore, the case has been assigned to this Court.

### 14. Other References

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Defendants believe that their forthcoming motion to dismiss will seek to narrow the issues in this case.

Although the parties do not believe the issues in the case are otherwise subject to narrowing at this time, they are willing to meet and confer in an attempt to narrow the issues to be decided in this case.

### 16. Expedited Trial Procedure

The parties agree that this case is not of the type that can be handled under the Expedited Trial Procedure of General Order No. 64.

### 17. Scheduling

The parties propose the following schedules.  In light of Defendants' position that no discovery should occur until the Court has settled the question of subject matter jurisdiction, the parties did not discuss or agree to any particular schedule for this action.

| Event | County's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Deadline for Defendants to file a Rule 12 Motion or otherwise respond to the Complaint | May 1, 2017 | May 1, 2017 |
| Deadline for the parties to exchange initial disclosures per Rule 26 | May 12, 2017 | May 12, 2017 |
| Close of fact discovery | October 31, 2017 | N/A |
| Deadline for filing dispositive motions | November 30, 2017 | N/A |
| Deadline for exchanging, but not filing or lodging, the papers described in Civil | January 26, 2018 | N/A |

| Event | County's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| L.R. 16-10(b)(7), (8), (9) and (10), and any motions *in limine* (at least 28 days before pretrial conference) | | |
| Last day to meet and confer before pretrial conference on the matters set forth in the Court's pretrial order (at least 21 days before pretrial conference) | February 2, 2018 | N/A |
| Deadline to file joint pretrial conference statement containing the information identified in the Court's pretrial order (at least 14 days before pretrial conference) | February 9, 2018 | N/A |
| Deadline to file proposed Findings of Fact and Conclusions of Law on all material issues (at least 14 days before pretrial conference) | February 9, 2018 | N/A |
| Deadline to file motions *in limine* and objections to evidence (at least 14 days prior to pretrial conference) | February 9, 2018 | N/A |
| Deadline to file responsive briefs to motions *in limine* and objections to evidence (at least 7 days prior to pretrial conference) | February 16, 2018 | N/A |
| Final pretrial conference | February 26, 2018 | N/A |
| Deadline to exchange any visuals, graphics or exhibits to be used in opening statements (on the Wednesday prior to the trial date) | February 28, 2018 | N/A |
| Deadline to file objections to any visuals, graphics or exhibits to be used in opening statements (on the Thursday prior to the trial date) | March 1, 2018 | N/A |
| Deadline to lodge one set of exhibits to the Court in Chambers (on the Friday prior to the trial date) | March 2, 2018 | N/A |
| Trial | March 5, 2018 | N/A |

**18.    Trial**

Because the Complaint seeks only equitable relief, the parties agree that a bench trial would be appropriate in this case, if a trial is needed.  The parties estimate five days for this trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

Because the parties in this case are governmental entities and government officials, Civil

Local Rule 3-15 and Federal Rule of Civil Procedure 7.1 do not apply.

**20.     Professional Conduct**

The parties confirm that all attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other Matters**

The parties have no other matters to report.

                                 Respectfully submitted,

Dated:  April 25, 2017                         OFFICE OF THE COUNTY COUNSEL,
                                               COUNTY OF SANTA CLARA


                                         By:  /s/ *James R. Williams*
                                              JAMES R. WILLIAMS, County Counsel

                                              Attorneys For Plaintiff COUNTY OF
                                              SANTA CLARA


Dated:  April 25, 2017                         KEKER, VAN NEST & PETERS LLP


                                         By:  /s/  *Cody S. Harris*
                                              CODY S. HARRIS

                                              Attorneys For Plaintiff COUNTY OF
                                              SANTA CLARA


Dated:  April 25, 2017                         U.S. DEPARTMENT OF JUSTICE


                                         By:  /s/ *W. Scott. Simpson*
                                              W. SCOTT SIMPSON
                                              CHAD A. READLER
                                              BRIAN STRETCH
                                              JOHN R. TYLER

                                              Attorneys for Defendants

**FILER'S ATTESTATION**

I, Cody S. Harris, am the ECF user whose identification and password are being used to file this JOINT CASE MANAGEMENT CONFERENCE STATEMENT.  Pursuant to Rule 5-1(i)(3), I hereby attest that the other above named signatories concur in this filing.

>    */s/  Cody S. Harris*
>    CODY S. HARRIS