CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
JOHN R. TYLER
Assistant Director
STEPHEN J. BUCKINGHAM (Md. Bar)
Special Counsel
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel
Department of Justice, Room 7210
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C.  20044
Telephone:      (202) 514-3495
Facsimile:       (202) 616-8470
E-mail:           scott.simpson@usdoj.gov
COUNSEL FOR DEFENDANTS
*(See signature page for parties represented.)*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>Plaintiff,<br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | No. 3:17-cv-00574-WHO<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OF APRIL 25, 2017** |

INTRODUCTION

Pursuant to Civil Local Rule 7-9, defendants respectfully move for leave to file the attached Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of April 25, 2017, granting plaintiff's motion for preliminary injunction. *See* Order (Doc. 98). Consistent with Civil Local Rule 7-9(b), the basis for this motion is the emergence of new authority, namely the Memorandum recently issued by the Attorney General ("AG Memorandum") concerning the implementation of Executive Order 13,768. *See* AG Mem. at 1

1   (Attachment 1 hereto); *see also* Exec. Order No. 13,768 ("Executive Order"), 82 Fed. Reg. 8,799-
2   8,803 (Jan. 30, 2017).

3         The AG Memorandum, which was issued after briefing and oral argument had occurred
4   on plaintiff's motion for a preliminary injunction, conclusively sets forth the legal position of the
5   United States regarding the scope of the grant-eligibility provision of Section 9(a) of the
6   Executive Order.  The guidance contained in the Memorandum contradicts many of the bases
7   upon which the Court relied in reaching its conclusions that plaintiff established the justiciability
8   of its claims and demonstrated a likelihood of success on the merits of those claims.  Specifically,
9   reflecting statements by defendants' counsel at oral argument, the AG Memorandum provides
10  that the grant-eligibility provision of Section 9(a) is limited to "federal grants administered by the
11  Department of Justice or the Department of Homeland Security" that contain grant-eligibility
12  terms that require applicants to "certify their compliance with federal law, including 8 U.S.C.
13  § 1373, as a condition for receiving an award."  AG Mem. at 1, 2.  The Memorandum further
14  clarifies that "jurisdiction[s] that fail[] to certify compliance with section 1373 will be ineligible
15  to receive [an] award[]" pursuant to the grant-eligibility provision, and that defendants may only
16  impose conditions on federal grant programming where "existing statutory or constitutional
17  authority" allows.  *Id.* at 2.

18        Accordingly, because the AG Memorandum constitutes new authority, and because that
19  authority contravenes many of the bases underlying the Court's conclusions, defendants
20  respectfully request that the Court allow defendants leave to seek reconsideration of the Court's
21  holding regarding the justiciability of plaintiff's claims and the Court's entry of preliminary
22  injunctive relief in plaintiff's favor.[1]

---

[1] Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion to alter or amend a judgment must be filed within 28 days of the entry of judgment.  A motion for reconsideration may be treated as a motion filed pursuant to Rule 59(e), and the filing of a motion for reconsideration tolls the period to appeal the entry of a preliminary injunction.  *See, e.g.*, *United States v. Nutri-cology*, 982 F.2d 394, 396-97 (9th Cir. 1992); *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1418-19 (9th Cir. 1984).  Relevant authority in this Circuit, however, is unclear as to whether the filing of a motion for leave to file a motion for reconsideration is itself sufficient to toll the appeal period, or whether the appeal period is tolled only upon the granting of a motion for leave.  *Cf. Pena v. Meeker*, 298 F. App'x 562, 563 (9th Cir. 2008)

2

Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO

## ISSUE PRESENTED

Whether the Court should provide defendants leave to file a motion for reconsideration or, in the alternative, clarification of the Court's Order of April 25, 2017, granting plaintiff's motion for preliminary injunctive relief.

## BACKGROUND

On February 23, 2017, the County of Santa Clara ("County") moved for a preliminary injunction to prevent the implementation of Section 9(a) of the Executive Order (Doc. 26). Section 9(a) provides, in relevant part, that the Attorney General and the Secretary of Homeland Security ("Secretary"), "in their discretion and to the extent consistent with law, shall ensure that jurisdictions that willfully refuse to comply with 8 U.S.C. 1373 . . . are not eligible to receive Federal grants[.]" Exec. Order 13,768, § 9(a). The County had urged an expansive interpretation of the term "Federal grants," contending that the Order "must" be interpreted as applying to "all federal funds, whatever their source" (Doc. 26 at 4 n.4).

At oral argument on the motion for preliminary injunction, defendants' counsel articulated the federal government's position that, as properly interpreted, the grant-eligibility provision of Section 9(a) applies only to federal grants administered by the Department of Justice ("DOJ") or the Department of Homeland Security ("DHS") with grant-eligibility terms that expressly condition the award of funding on the grantee's certification of compliance with 8 U.S.C. § 1373. *See* Tr. of Oral Arg. at 24:4-6; *see also* Order of Apr. 25, 2017 at 13 (summarizing the government's position). The government further stated that only three grant programs, all of which are administered by DOJ, currently contain terms with the explicit Section 1373 compliance conditions that would bring them within the scope of Section 9(a). *See, e.g.*, Tr. of Oral Arg. at 35:2-9. The government acknowledged, however, that "[g]oing forward . . . DOJ and, potentially,

---

(finding that the filing of a motion for leave does not toll the appeals period where that motion is filed beyond the deadline provided in Rule 59). Accordingly, to clarify the matter and to ensure the tolling of the appeal period, defendants respectfully request that the Court decide the instant Motion for Leave within 28 days of the entry of the preliminary injunction – that is, by May 23, 2017.

3

Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO

1  DHS," where authorized to do so, may adopt grant terms that include similar conditions, and that
2  those conditions "will be known to the [grantee]" in advance of the grantee's decision to
3  participate in the grant program. *Id.* at 25:14-16.
4      At oral argument and in its Order, the Court raised concerns regarding purported
5  inconsistencies between the government's proffered interpretation of the grant-eligibility
6  provision and public statements made by government officials concerning domestic immigration
7  enforcement priorities. *See, e.g.*, Order of Apr. 25, 2017 at 3; Tr. of Oral Arg. at 36:4-7.
8  Additionally, plaintiff's counsel and the Court raised questions at oral argument as to whether
9  government counsel was capable of binding the Department of Justice or the Executive Branch in
10 light of the past statements made by government officials. *See, e.g.*, Tr. of Oral Arg. at 46:1-3
11 (Counsel for plaintiff County of Santa Clara: "I didn't hear [defendants' counsel say] that
12 Attorney General Sessions had signed off to the new interpretation."); *id.* at 11:10-12 ("[W]hat a
13 Justice Department lawyer down the food chain says … without any binding effect, is not
14 something [the Court] should consider . . . .").
15     On April 25, 2017, the Court granted the County's motion and enjoined the defendants
16 (other than the President) "from enforcing Section 9(a) of the Executive Order against jurisdic-
17 tions they deem as sanctuary jurisdictions." Order of Apr. 25, 2017 at 49. The Court made clear,
18 however, that defendants may "use lawful means to enforce existing conditions of federal grants
19 or 8 U.S.C. 1373." *Id.* The Court determined that injunctive relief was appropriate because, like
20 the plaintiff, it interpreted the grant-eligibility provision of Section 9(a) as referring to "all federal
21 grants, not merely the three mentioned at the hearing." *Id.* at 3. In reaching that interpretation,
22 the Court relied in part on public comments by the President, the White House Press Secretary,
23 and the Attorney General to conclude that "Section 9(a) is not reasonably susceptible to the new,
24 narrow interpretation offered at the hearing." *Id.* Based on its broad interpretation of Section
25 9(a), the Court held that the County's claims were justiciable and that the provisions of Section
26 9(a) violated a variety constitutional doctrines. *See generally id.* at 49.
27
28

4

Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO

ARGUMENT

Civil Local Rule 7-9(b) provides that a party filing a motion for leave to file a motion for reconsideration must "show reasonable diligence in bringing the motion," and that the motion for leave must be based on "a material difference in fact or law . . . from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought." A motion for leave may also be warranted due to the "emergence of new material facts or a change of law after the time of such order." *Id.*

The AG Memorandum sets forth in a formal, conclusive manner the administration's interpretation of the scope of the grant-eligibility provision of Section 9(a). Section 9(a) of the Executive Order directs only two officials, the Attorney General and the Secretary of Homeland Security, to implement its provisions, and the Attorney General has now clarified that he does not interpret the challenged portion of the Executive Order as applying to grant programs administered by other agencies. Moreover, by longstanding tradition and practice, the Attorney General's legal opinions are treated as authoritative by the heads of executive agencies. *See, e.g.*, *Tenaska Washington Partners II, L.P. v. United States*, 34 Fed. Cl. 434, 439 (1995); Randolph D. Moss, *Executive Branch Legal Interpretation: A Perspective from the Office of Legal Counsel*, 52 Admin. L. Rev. 1303, 1319-20 (2000). The Attorney General has a statutory duty to advise executive department heads on "questions of law," 28 U.S.C. § 512, and furnishes formal legal opinions to executive agencies, 28 C.F.R. § 0.5(c). And although the Secretary of Homeland Security principally administers the immigration laws, the Immigration and Nationality Act provides that "the determination and ruling by the Attorney General with respect to all questions of law shall be controlling." 8 U.S.C. § 1103(c)(1). The AG Memorandum thus conclusively establishes that Section 9(a) is limited to grant programs administered by DOJ or DHS. Moreover, the AG Memorandum sets forth clear and consistent guidance for the applicable components of DOJ as to the parameters of the grant-eligibility provision.

5

Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO

1     The AG Memorandum specifies that – as defendants' counsel represented at oral argument – the grant-eligibility provision is limited to "federal grants administered by [DOJ] or [DHS]," and to grants that have eligibility terms requiring applicants to "certify their compliance with federal law, including 8 U.S.C. § 1373, as a condition for receiving an award." AG Mem. at 1-2. The Memorandum also makes clear that "jurisdiction[s] that fail[] to certify compliance with [8 U.S.C. § 1373] will be ineligible to receive [an] award[]" pursuant to the grant-eligibility provision. *Id.* at 2. The AG Memorandum further confirms that the Executive Order does not "purport to expand the existing statutory or constitutional authority of the Attorney General and the Secretary of Homeland Security in any respect," and that DOJ and DHS may impose grant conditions only pursuant to "existing statutory or constitutional authority." *Id*.

In its Order of April 25, 2017, the Court reached an interpretation of Section 9(a) that contrasts starkly with the position set forth in the AG Memorandum. Specifically, the Court held that the grant-eligibility provision of Section 9(a) "attempts to reach *all* federal grants[.]" Order of Apr. 25, 2017 at 2-3 (emphasis added). In support of that interpretation, the Court relied, in part, on public comments made by administration officials, including the Attorney General, relating to domestic immigration enforcement priorities. *Id.* at 3, 23-24. The Court held that those public statements "belie the Government's argument . . . that the Order does not change the law." *Id.* at 24-25. Based on its broad interpretation of the grant-eligibility provision, the Court held that plaintiff had established a likelihood it would be subject to enforcement under the provision, and that the plaintiff would be successful on the merits of its constitutional challenges. *Id.* at 49.

The AG Memorandum contradicts the Court's interpretation of the grant-eligibility provision and thereby undermines much of the logic upon which the Court's analysis is based. Although the position articulated in the AG Memorandum is consistent with the position taken by government counsel at oral argument, the Memorandum provides conclusive, binding guidance that explicitly sets forth the position of the government. Thus, the AG Memorandum constitutes new authority for the Court to consider in revisiting its conclusions.

As explained in more detail in the attached Motion for Reconsideration, by clarifying that the grant-eligibility provision of Section 9(a) is limited to grant programs administered by DHS or DOJ, and that the provision does *not* retroactively condition the receipt of awards under those programs on compliance with federal civil detainer requests, the AG Memorandum provides grounds for the Court to reconsider its determination that plaintiff is a likely subject of enforcement under the Executive Order. Moreover, by formally specifying that the grant-eligibility provision does not apply to *all* federal grant programs, the AG Memorandum dramatically lessens the potential harm that plaintiff purports to face.

The AG Memorandum also lessens plaintiff's likelihood of success on the constitutional claims it asserts. By confirming that the Executive may impose conditions only pursuant to "existing statutory or constitutional authority," *see* AG Mem. at 2, the Memorandum alleviates the Court's concern that the Executive Order violates separation of powers principles by purporting to provide the President the unilateral authority to impose conditions on federal grants. Order of Apr. 25, 2017 at 36. The AG Memorandum also addresses the Court's Spending Clause concerns by specifying the programs to which the grant-eligibility provision applies, by clarifying that the provision does not apply retroactively, and by confirming that the provision is not so broad as to be unconstitutionally coercive. *Id.* at 37-39. The AG Memorandum resolves the Court's Tenth Amendment concerns by making clear that the grant-eligibility provision does not attempt to require retroactively that local jurisdictions comply with federal civil detainer requests. *Id.* at 40-41. It also addresses the Court's Fifth Amendment vagueness and due process concerns by specifying the particular grant programs that fall within the scope of the provision, by defining certain terms invoked in the Executive Order, and by confirming that the grant-eligibility provision does not create an automatic defunding mechanism. *Id.* at 41-44.

In all, the AG Memorandum provides a basis for this Court to reconsider its conclusions regarding the justiciability of plaintiff's claims and its holding regarding plaintiff's entitlement to preliminary injunctive relief. Accordingly, defendants respectfully seek leave to file the attached

7
Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO

Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of April 25, 2017.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant this Motion for Leave to File the attached Motion for Reconsideration or, in the Alternative, Clarification of the Court's Order of April 25, 2017.

Dated: May 22, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIAN STRETCH
United States Attorney

JOHN R. TYLER
Assistant Director

STEPHEN J. BUCKINGHAM
Special Counsel

/s/ W. Scott Simpson
_____
W. SCOTT SIMPSON (Va. Bar #27487)
Senior Trial Counsel

Attorneys, Department of Justice
Civil Division, Room 7210
Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Telephone:  (202) 514-3495
Facsimile:   (202) 616-8470
E-mail:       scott.simpson@usdoj.gov

COUNSEL FOR DEFENDANTS
DONALD J. TRUMP, President of the United States; JOHN F. KELLY, Secretary of Homeland Security; JEFFERSON B. SESSIONS, III, Attorney General of the United States; MICK MULVANEY, Director of the Office of Management and Budget

8

Defs' Mot. for Leave: Reconsid.
No. 3:17-cv-00574-WHO