| | |
|---|---|
| OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF SANTA CLARA<br>JAMES R. WILLIAMS - # 271253<br>County Counsel<br>james.williams@cco.sccgov.org<br>GRETA S. HANSEN - # 251471<br>DANIELLE L. GOLDSTEIN - # 257486<br>KAVITA NARAYAN - # 264191<br>JAVIER SERRANO - # 252266<br>JULIE WILENSKY - # 271765<br>JULIA B. SPIEGEL - # 292469<br>ADRIANA L. BENEDICT - # 306936<br>70 West Hedding Street<br>East Wing, Ninth Floor<br>San Jose, CA  95110-1770<br>Telephone:     408 299-5900<br>Facsimile:      408 292-7240 | KEKER, VAN NEST & PETERS LLP<br>JOHN W. KEKER - # 49092<br>jkeker@keker.com<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>DANIEL PURCELL - # 191424<br>dpurcell@keker.com<br>CODY S. HARRIS - # 255302<br>charris@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>EDWARD A. BAYLEY - # 267532<br>ebayley@keker.com<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>Telephone:     415 391 5400<br>Facsimile:      415 397 7188 |

Attorneys for Plaintiff
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SANTA CLARA,<br><br>      Plaintiff,<br><br>      v.<br><br>DONALD J. TRUMP, President of the United States of America, JOHN F. KELLY, in his official capacity as Secretary of the United States Department of Homeland Security, JEFFERSON B. SESSIONS, in his official capacity as Attorney General of the United States, JOHN MICHAEL "MICK" MULVANEY, in his official capacity as Director of the Office of Management and Budget, and DOES 1-50,<br><br>      Defendants. | Case No. 17-cv-00574-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Judge:     Hon. William Orrick<br><br>Date Filed:  February 3, 2017<br><br>Trial Date:  April 23, 2017 |

I.  INTRODUCTION

Defendants' Motion for Leave to File a Motion for Reconsideration (Dkt. 108, "Mtn. for Leave") is procedurally and substantively improper, and the Court should deny it. Not only do defendants fail to meet the standard for obtaining reconsideration under Local Rule 7-9, but they violate that rule by repeating the same arguments this Court considered and rejected in granting the County of Santa Clara's ("the County") motion for a preliminary injunction.

The sole basis of defendants' request for a do-over is a May 22, 2017 memorandum from the Attorney General (the "AG Memorandum"), written not only during the pendency of this litigation but in response to an adverse court ruling. The AG Memorandum contains nothing new. Instead, it offers the very same, implausible interpretation of Executive Order 13,768 (the "Executive Order") that counsel for defendants laid out at oral argument, and that this Court carefully considered and rejected in its April 25, 2017 order entering the requested preliminary injunction. Defendants' interpretation—whether made orally or in writing—is still incompatible with the plain language of the Executive Order itself. Defendants may not lie in wait, then manufacture grounds for reconsideration by repackaging defense counsel's oral representations in a two-page memo, then ask the Court to rule in less than 24 hours. Because defendants offer no valid basis for seeking reconsideration, the Court should reject their motion.

II.  ARGUMENT

This District's Civil Local Rule 7-9 requires a litigant to seek leave before filing a motion for reconsideration. *See* Civil L.R. 7-9(a). "Reconsideration 'offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *English v. Apple Inc.*, 2016 WL 1108929, at *2 (N.D. Cal. Mar. 22, 2016) (Orrick, J.) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). Reconsideration "may not be used to relitigate old matters and 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Victor v. R.C. Bigelow, Inc.*, 2015 WL 5569716, at *2 (N.D. Cal. Sept. 21, 2015) (Orrick, J.) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Garcia v. City of Napa*, 2014 WL 342085, at *1

(N.D. Cal. Jan. 28, 2014).

To meet the high standard justifying reconsideration, defendants must "specifically show" that (1) they acted with reasonable diligence; and (2) one of the following three grounds for reconsideration applies:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b)(1)–(3). To obtain leave to seek reconsideration, "a party must set forth facts or law of a strongly convincing nature" to induce the court to change its prior decision. *Omstead*, 533 F. Supp. 2d at 1019 (quoting *Van Slyke v. Capital One Bank*, 503 F. Supp. 2d 1353, 1366 (N.D. Cal. 2007)). Defendants' motion comes nowhere close to meeting this high standard.

**A.   Defendants have failed to show reasonable diligence.**

At the outset, the Court should deny defendants' motion for leave because they failed to "show reasonable diligence in bringing the motion." Civil L.R. 7-9(b). The Court issued its preliminary injunction order on April 25, 2017, yet defendants waited twenty seven days (without explanation) to publish the AG Memorandum and file their motion. Then, despite the long delay, defendants requested that the Court rule on their motion ***the next day***, supposedly "to ensure the tolling of [defendants'] appeal period." Mtn. for Leave at 3 n.1. But defendants offer no explanation, much less an excuse, for waiting nearly a month after the Court entered its order to issue the AG Memorandum and file their motion.

**B.   Defendants fail to identify any "new material facts or a change of law" justifying reconsideration of the Court's Preliminary Injunction Order.**

Defendants contend that "the basis for [their] motion is the emergence of new authority" in the form of the AG Memorandum. Mtn. for Leave at 1. This is meritless for four reasons.

*First,* the "emergence of new authority," without more, is not grounds for reconsideration

under Local Rule 7-9(b)(2). That Rule talks about "the emergence of new *facts*," but defendants do not (and cannot) contend that the AG Memorandum contains any new facts, as opposed to confirmation by the Attorney General of the same legal arguments they unsuccessfully advanced at the hearing on the County's motion for a preliminary injunction.

*Second,* even under the correct reconsideration standard in Civil Local Rule 7-9(b)(2), the AG Memorandum does not contain any "new material facts" or respond to a "change of law occurring after the time" of the Court's Preliminary Injunction Order. Civil L.R. 7-9(b)(2). To the contrary, all the AG Memorandum does is reduce to writing defendants' implausible and rejected litigation position on the scope of the Executive Order. Defendants concede as much in their motion, acknowledging repeatedly that "the position articulated in the AG Memorandum is consistent with the position taken by government counsel at oral argument;" "[t]he AG Memorandum specifies [what] defendants' counsel represented at oral argument;" and the conclusions set forth in the AG Memorandum "reflect[] statements by defendants' counsel at oral argument." Mtn. for Leave at 2, 6.

If anything, defendants undersell the extent to which the AG Memorandum simply parrots the precise interpretation of the Executive Order the government unsuccessfully advanced at oral argument. Just like defendants told the Court last month, the AG Memorandum concludes that the Executive Order (1) is directed only to two federal agencies—the Department of Justice and the Department of Homeland Security; (2) applies only to grants that specifically require compliance with 8 U.S.C. § 1373; and (3) does not purport to expand DOJ's or DHS's existing constitutional or statutory authority to restrict grant funding. *Compare* Mtn. for Leave at 6:1–27 *with* April 14, 2017 Tr. at 21:17–19 ("So, first, Section 9 is directed to two agencies … the Department of Justice and … the Department of Homeland Security"); *id.* at 22:21–23:1 (order applies only to DOJ and DHS grants); *id.* at 24:3–25, 35:2–9 (order applies only to three specific DOJ grants: the SCAAP, JAG, and COPS programs); *id.* at 21:1–4 (order does not expand legal authority of DOJ or DHS).

*Third,* in addition to failing to meet the standard for reconsideration under Local Rule 7-9(b), defendants' request for a do-over also violates Local Rule 7-9(c), which prohibits a litigant

3
PLS.' OPP. TO DEFS.' MOT. FOR LEAVE TO FILE A MOT. FOR RECONSIDERATION
Case No. 17-cv-00574-WHO

1167166

from "repeat[ing] any *oral* or written argument" made in opposing the ruling it "now seeks to have reconsidered." Civil L. R. 7-9(c) (emphasis added). Defendants' motion for leave violates this rule extensively and without apology. *See* Mtn. for Leave at 2:3–17, 3:6–4:14, 5:9–13, 5:22–23, 6:1–21, 7:1–23.

The only thing that has changed since the oral argument is that defendants have taken oral representations previously made to the Court and written them down in a memo. This is not a valid basis for reconsideration. *See Victor*, 2015 WL 5569716, at *1 (denying motion for leave to file a motion for reconsideration where "Victor's motion repeats previously made arguments"); *Boyd v. Avanquest N. Am. Inc.*, 2014 WL 5840811, at *1 (N.D. Cal. Nov. 10, 2014) (Orrick, J.) (denying motion for leave to file a motion for reconsideration where movant "repeat[ed] the arguments that it made in its motions to dismiss" and "simply dispute[d] the conclusions that the Court made").

*Fourth,* even if the AG Memorandum did contain new material facts or law that the Court failed to consider—which it does not—defendants have only themselves to blame for failing to present this same written guidance to the Court in opposing the County's motion. Defendants do not explain why they waited to provide this written guidance until after taking an unsuccessful flyer on opposing the injunction. "The rationale underlying Local Rule 7-9(b)(3) is clear: in our system it is the job of the advocates, not the court, to find and apply relevant law to the facts of a particular case." *Bowoto v. Chevron Corp.*, 2007 WL 2349338, at *7 (N. D. Cal. Aug. 14, 2007). Particularly here, where the guidance defendants now present to the Court was always within their power to establish, and was belatedly authored by a named defendant in an effort to gain an advantage in litigation, they "should not be given a 'second bite at the apple.'" *Id.*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Motion for Leave to File a Motion for Reconsideration.

Respectfully submitted,

Dated: May 23, 2017

OFFICE OF THE COUNTY COUNSEL, COUNTY OF SANTA CLARA

By: */s/ James R. Williams*
JAMES R. WILLIAMS, County Counsel

Attorneys for Plaintiff COUNTY OF SANTA CLARA

Dated: May 23, 2017

KEKER, VAN NEST & PETERS LLP

By: */s/ John W. Keker*
JOHN W. KEKER

Attorneys for Plaintiff COUNTY OF SANTA CLARA

**FILER'S ATTESTATION**

I, John W. Keker, am the ECF user whose identification and password are being used to file this document. Pursuant to Rule 5-1(i)(3), I hereby attest that the other above named signatories concur in this filing.

*/s/ John W. Keker*
JOHN W. KEKER